UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAN SILLS, Individually and on Behalf of
All Others Similarly Situated,

                Plaintiff,

          -against-                                  23-cv-2364 (LAK)

UNITED NATURAL FOODS, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/13/2023

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff Dan Sills brought this putative federal securities class action against United Natural Foods, Inc. ("United Natural Foods"), and its former and current executives. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Sills moves the Court to appoint him as lead plaintiff and to approve his chosen counsel as lead counsel.

       The Court is obliged to presume that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff, (2) has the largest financial interest in relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.[1]

       There are no competing lead plaintiff motions. Sills satisfies all three criteria. First, Sills filed the complaint on March 20, 2023, and that same day his counsel published a notice in a

---

[1] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

national business publication alerting investors of the action. Sills has submitted a certification that he is willing to serve as a representative party on behalf of the proposed class and to provide testimony at a deposition and at trial if necessary.[2] Sills accordingly satisfies the first requirement to serve as lead plaintiff.

Second, Sills has the largest financial interest in the relief sought by the class. He represents that he "suffered substantial financial losses of approximately $846,166.97" as a result of defendants' alleged misconduct.[3] Nothing has been presented to the Court to suggest that any other person has suffered greater losses than Sills during the class period.

Third, the Court finds that Sills will fairly and adequately protect the interests of the class. In the lead plaintiff appointment stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical of those of the class and that the lead plaintiff will fairly and adequately represent the interests of the class.[4] Sills' claims are typical of those of the class as they arise from the same course of conduct: purchases of United Natural Foods securities in reliance on defendants' material misstatements and omissions during the class period. Sills has demonstrated his willingness to take an active role in the litigation and advocate on behalf of the proposed class, and his interests are aligned with those of other putative class members.

Finally, the Court finds that Sills' counsel of choice, Glancy Prongay & Murray LLP

---

[2] Dkt 1, at 27-31.

[3] Dkt 16, at 6.

[4] See *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (quoting *Shi v. Sina Corp.*, No. 05-cv-2154 (NRB), 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005)) ("[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.").

3

("GPM"), has experience in securities class actions. The Court accordingly approves GPM as lead counsel.

Sills' motion for appointment as lead plaintiff and approval of lead counsel (Dkt 15) therefore is granted. All securities class actions relating to the same or substantially similar alleged wrongdoing by defendants on behalf of the same or substantially similar putative class that is subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action unless otherwise ordered by the Court. A party objecting to such consolidation must file an application for relied from this Order within ten days after the action is consolidated into this action.

SO ORDERED.

Dated:     June 13, 2023

_____
Lewis A. Kaplan
United States District Judge