

Pavithra Rajesh
prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

February 28, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Sills et al. v. United Natural Foods Inc., et al.*, Case No. 1:23-cv-02364-JGLC

Dear Judge Clarke:

On behalf of Plaintiffs, I write to submit the February 5, 2024 Order on the motion to dismiss filed in *Stadium Capital LLC v. Co-Diagnostics, Inc., et al.*, Case No. 22-cv-6978 (AS) (S.D.N.Y.) (attached hereto as Exhibit A) as recently issued authority that further supports Plaintiffs' opposition (ECF No. 53, "Opp.")[1] to Defendants' motion to dismiss the second amended complaint (ECF No. 49, "MTD"). In particular, *Co-Diagnostics* supports Plaintiffs' arguments that Defendants' admission that they "saw" the impact of forward buying supports a strong inference of scienter. *See generally* Opp. at 33-43.

In *Co-Diagnostics*, the company's sales of diagnostic tests soared to $20 million per quarter amid the COVID-19 pandemic, and plaintiff alleged that revenue abruptly slowed to $5 million for second quarter 2022. Ex. A at 1. Statements made on May 12, 2022, at the midpoint of second quarter 2022, of limited "near term visibility" and "sizable fluctuations in order patterns" were misleading for omitting "that demand was already declining rapidly." *Id.* at 5.

In *Co-Diagnostics*, a strong inference of scienter was supported by the executives' knowledge of or access to information that demand had fallen by May 12 and ***their own public statements*** evidencing their familiarity with sales patterns. *Id.* at 8. Executives acknowledged before and after the class period that they "are able to monitor the daily influx of demand for our tests" and, in August 2022, admitted that they "saw . . . the falloff" in demand. *Id.* at 8-9. Here, Defendants stated in June 2021 that they knew of impending price increases that were "higher than normal," which provided forward buying opportunities; claimed to monitor and improve

---

[1] All capitalized terms have the same meaning set forth in Plaintiffs' opposition brief.

Hon. Jessica G. L. Clarke
February 28, 2024
Page 2

cost efficiencies, including procurement costs, throughout the Class Period; and admitted on September 26, 2023 that they "saw an out of-pattern increase in procurement gains beginning in January of '22."  Opp. at 10, 33, 35-36, 42-43.

Therefore, the analysis in *Co-Diagnostics* further supports Plaintiffs' arguments that Defendants' motion to dismiss should be denied in its entirety. We appreciate the Court's consideration of this supplemental authority.

Respectfully submitted,

*/s/ Pavithra Rajesh*

Pavithra Rajesh

cc:    Counsel of record (via ECF)