

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 312 853 7772
NUMAR@SIDLEY.COM

July 11, 2024

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re:    *Sills et al. v. United Natural Foods Inc. et al.*, No. 23 Civ. 2364-JGLC

Dear Judge Clarke,

We represent Defendants United Natural Foods, Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa ("Defendants") in the above-referenced action. We write to submit *Rein v. Dutch Bros, Inc.*, No. 23 Civ. 1794 (PAE), 2024 WL 3105004 (S.D.N.Y. June 24, 2024), attached hereto as Exhibit A, as recent authority that further supports Defendants' Motion to Dismiss (Dkt. No. 48). In *Dutch Bros*, the court dismissed with prejudice an amended complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, with factual allegations similar to those here related to the impact of inflation on the company's financial performance.

The plaintiff in *Dutch Bros* alleged that the defendants made materially false or misleading statements about the company's financial performance against the backdrop of "skyrocketing" inflation and rising commodity prices. *Id.* at *10-11. According to the plaintiff, the defendants failed to disclose that the company was experiencing increased costs related to key commodities, that these increased costs were causing "increased margin pressure and decreased earning and profitability," and that the defendants' "positive statements about [the] business" were therefore "materially misleading and/or lacked a reasonable basis." *Id.* at *10. The plaintiff alleged that the "truth" was revealed in a May 11, 2022 earnings release and during an earnings call when the company announced a net loss that quarter, attributing its decline in performance to several factors, including "faster inflation" and the higher price of goods, and revising its earnings guidance. *Id.* at *3. The complaint asserted that 26 statements were allegedly false or misleading throughout the putative class period. *Id.* at *9.

The *Dutch Bros* court held that the plaintiff failed to plead any actionable misstatement, as each alleged misstatement was either an accurate statement of fact, protected by the PSLRA's safe harbor, a non-actionable statement of opinion, or puffery. *Id.* at *9-23. It also held that the complaint failed to adequately plead scienter. *Id.* at *23-25.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

As particularly relevant here, the *Dutch Bros* court rejected the plaintiff's argument—like Plaintiff's argument here (*see* Dkt. 53 at 13-21)—that accurate statements of historical fact were misleading because they failed to address the specific impact of "inflationary pressure" on the company's "projected earnings and margins." *Dutch Bros*, 2024 WL 3105004, at *16. As the court explained, the amended complaint did not plead "that any of the data cited by [the defendants], or their limited commentary on it, was inaccurate." *Id.* And "[a]ccurate statements of historical data are not a basis for Rule 10b-5 liability." *Id.*; *accord* Dkt. 49 at 30-35; Dkt. 57 at 18-24. The court also rejected the plaintiff's argument that the company's risk disclosures regarding the impact of inflation were materially misleading. In reasoning that applies to Plaintiff's arguments here (*see* Dkt. 53 at 21-23), the court concluded that the company's risk disclosures "addressed … the very risk that [the plaintiff] contends was concealed," which is not "compatible with its claim of fraud." *Dutch Bros*, 2024 WL 3105004, at *21; *accord* Dkt. 57 at 23-24.

The court also rejected the plaintiff's argument—like Plaintiff's argument here (*see* Dkt. 53 at 24-27)—that alleged violations of Item 303 of SEC Regulation S-K, 17 C.F.R. § 299.303, supported the plaintiff's claim under Section 10(b) and Rule 10b-5, correctly recognizing that the Supreme Court's decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 144 S. Ct. 885 (2024), foreclosed such a theory. *Dutch Bros*, 2024 WL 3105004, at *6, *14; *accord* Dkt. 59 (Defendants' notice of supplemental authority making this point about *Macquarie*).

As to scienter, the court rejected the plaintiff's reliance on allegedly suspicious stock sales that—like here—took place pursuant to non-discretionary Rule 10b5-1 trading plans, allegations from a confidential witness (not pleaded here), and conclusory allegations that the defendants "must have known" that their statements about the company's financial performance were misleading. *Dutch Bros*, 2024 WL 3105004, at *24-25; *accord* Dkt. 49 at 15-30; Dkt. 57 at 4-18.

Finally, the court dismissed the amended complaint with prejudice, noting that the plaintiff had already amended once and did not explain what additional facts it could plead to overcome the problems identified by the defendants. *Dutch Bros*, 2024 WL 3105004, at *25 n.7. The same is true here. *See* Dkt. 53 at 43; Dkt. 57 at 30.

Respectfully submitted,

/s/ Nilofer Umar

Nilofer Umar
Partner

cc:     All counsel of record (via ECF)