UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN SILLS and GEORGE DICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED NATURAL FOODS, INC., J. ALEXANDER MILLER DOUGLAS, JOHN W. HOWARD, and CHRISTOPHER P. TESTA,<br><br>        Defendants. | Case No.: 1:23-cv-02364-JGLC-VF<br><br>**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendants United Natural Foods, Inc., ("UNFI" or the "Company"), Alexander Miller Douglas, John W. Howard, and Christopher P. Testa (together, "Defendants") submit this Answer to the Second Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs Dan Sills and George Dick.

By Opinion and Order dated September 13, 2024 (ECF No. 66), the Court granted in part Defendants' motion to dismiss. In particular, the Court dismissed Plaintiffs' claims based on Defendants' FY23 Guidance Statements and the General Impact of Inflation Statements. Allegations relevant only to dismissed claims do not require an answer. By answering an allegation, Defendants do not concede it survived the motion to dismiss, or that it is relevant to the claims the Court permitted to proceed.

This Answer is based on Defendants' investigation to date and may be amended as their investigation continues. Any allegation not expressly admitted is denied. Additionally, by admitting that quoted words in an allegation were included in a document, transcript, or other material, Defendants do not concede that the allegation accurately characterizes the quoted words, places them in the proper context, includes all relevant words, or appropriately uses bold or italics for emphasis. Finally, headings and prefatory material in the Second Amended Complaint are not substantive allegations to which an answer is required; if these items are treated or intended as substantive allegations, Defendants deny them. The headings are maintained in this Answer for organizational purposes only.

Accordingly, Defendants answer as follows:

Answer to Introduction:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the Introduction paragraph, and for that reason, deny those allegations.

## I.    NATURE OF THE ACTION AND OVERVIEW

1.    Defendants deny the propriety of the putative class and putative class period. Defendants admit that Plaintiffs pursue the claims described and deny the validity of these claims.

2.    Defendants admit that UNFI is the largest publicly traded wholesale distributor delivering healthier food options to people throughout the United States and Canada. Defendants admit that UNFI acquired SUPERVALU INC. ("SuperValu") in October 2018 for approximately $2.9 billion. The remainder of this paragraph purports to quote or characterize earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny Plaintiffs' characterizations of quotes, including through bolding and italics as referenced in footnote 1.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and for that reason, deny those allegations. Defendants deny the remainder of the allegations in this paragraph.

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and for that reason, deny those allegations, except to admit that inflation increased in 2021. Defendants deny the second and third sentences of paragraph four. The allegations in the fourth, fifth, and sixth sentences of this

paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

5.    Defendants admit that UNFI typically received notice of supplier price increases 60 to 90 days before they took effect and that, in general, those price increases may be passed through to retailers pursuant to applicable contracts. Defendants admit the allegations in footnote 2. Defendants deny the remainder of the allegations in this paragraph.

6.    Defendants deny the allegations in this paragraph.

7.    Defendants admit that the Company disclosed that increases in net sales and gross margin rate were driven by factors including inflation, and otherwise deny the allegations in this paragraph.

8.    The allegations in the second, third, and fourth sentences of this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization in the fourth sentence. Defendants deny the remainder of the allegations in this paragraph.

9.    The allegations in the third sentence in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock price declined by $6.74 between market close on December 6 and market close on December 7, 2022. Defendants deny the remainder of the allegations in this paragraph.

3

10.     The allegations in the second and last sentences of this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

11.     The allegations in the second, third and fourth sentences of this paragraph purport to quote or characterize UNFI's earnings call transcripts and public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

12.     Defendants admit that UNFI's stock price declined by $11.49 between market close on March 7 and market close on March 8, 2023. Defendants deny the remainder of the allegations in this paragraph.

13.     The allegations in the second and third sentences in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

14.     Defendants admit that, on March 8, 2023, UNFI increased its sales outlook and lowered its profitability outlook for fiscal year 2023 and withdrew its long-term fiscal 2024 financial targets. The allegations in the first, second and third sentence of this paragraph purport to quote or characterize UNFI's public disclosures and earnings call transcript, and Defendants

refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

15.     The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

16.     Defendants admit that UNFI's stock price declined by $4.11 between market close on June 6 and market close on June 7, 2023. Defendants deny the remainder of the allegations in this paragraph.

17.     The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcripts and public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

18.     Defendants deny the allegations of the first sentence of this paragraph, except to admit that on September 26, 2023, UNFI reported $93 million in adjusted EBITDA for the fourth quarter of 2023, representing a 56.3% decline over the fourth quarter of 2022. The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcripts and public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock

price declined by \$5.19 between market close on September 25 and market close on September 26, 2023. Defendants deny the remainder of the allegations in this paragraph.

19.     The allegations in the first and second sentences in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

## II.     JURISDICTION AND VENUE

20.     Defendants admit the allegations in this paragraph.

21.     Defendants admit the allegations in this paragraph.

22.     Defendants admit that venue is proper in this District. Defendants deny the remainder of the allegations in this paragraph.

23.     Defendants deny the characterization of the conduct alleged herein, but Defendants admit that they directly and indirectly use the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## III.     PARTIES

### A.     Plaintiffs

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the purchase of securities by Mr. Sills, and for that reason, deny those allegations. Defendants deny the remainder of the allegations in this paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the purchase of securities by Mr. Dick, and for that reason, deny those allegations. Defendants deny the remainder of the allegations in this paragraph.

### B.     Defendants

26.     Defendants admit the allegations in this paragraph.

27.     Defendants admit the allegations in this paragraph.

28.     Defendants deny that Mr. Howard is currently UNFI's CFO; he served in that role until May 31, 2024. Defendants admit the remainder of the allegations in this paragraph.

29.     Defendants admit the allegations in this paragraph.

30.     The first sentence of this paragraph contains legal conclusions as to which a response is not required. To the extent a response is required, Defendants deny the first sentence of this paragraph. Defendants deny the remainder of the allegations in this paragraph.

### C.     Relevant Non-Parties

31.     Defendants admit the allegations in this paragraph.

32.     Defendants admit that Mr. Griffith was COO from January 2013 to August 2020. Defendants admit the remainder of the allegations in this paragraph.

## IV.    BACKGROUND

### A.     Overview Of The Company

33.     Defendants admit that Mountain People's Warehouse was founded in 1976. Defendants admit that (i) UNFI is the largest publicly traded wholesale distributor delivering healthier food options to people throughout the United States and Canada and is a leading distributor of grocery and non-food products, and support services provider to retailers in the

United States and Canada; (ii) UNFI offers approximately 250,000 products and its customer base includes over 30,000 customer locations; (iii) UNFI's product are grouped into main product categories: grocery and general merchandise; perishables; frozen foods; wellness and personal care items; and bulk and foodservice products; and (iv) UNFI purchases its products from nearly 11,000 suppliers, the majority of which are in the United States and Canada. Defendants deny any allegation inconsistent with this admission.

34.     Defendants admit the allegations in this paragraph.

35.     Defendants admit that the U.S. Wholesale and Canada Wholesale operating segments have similar products and services, customer channels, distribution methods and economic characteristics, and therefore have been aggregated into a single reportable segment. Defendants further admit that the Wholesale reportable segment is engaged in the distribution of grocery and non-food products, and provides support services to retailers in the United States and Canada. Defendants admit that UNFI provides shelf and planogram management, retail store support, pricing strategy, electronic payments processing, advertising, couponing, store layout and design, equipment sourcing, network and data hosting solutions, consumer convenience services, eCommerce, and administrative back-office solutions. The sales and operating results for these services are included within Wholesale. Defendants deny the remainder of the allegations in this paragraph.

36.     Defendants admit that UNFI's Retail segment includes 76 Cub Foods and Shoppers retail grocery stores and that UNFI's retail stores provide an extensive grocery offering and, depending on size, a variety of additional products, including general merchandise, home,

health and beauty care, and pharmacy. Defendants deny the remainder of the allegations in this paragraph.

37.     Defendants admit that UNFI has additional operating segments that do not meet the quantitative thresholds for reportable segments and are therefore aggregated under the caption of Other. Other includes a single location food manufacturing business, which engages in the importing, roasting, packaging and distributing of nuts, dried fruit, seeds, trail mixes, granola, natural and organic snack items and confections, and the Company's natural branded product lines, primarily Blue Marble Brands. Defendants deny the remainder of the allegations in this paragraph.

38.     Defendants admit that Wholesale reported net sales of $25.87 billion and adjusted EBITDA of $654 million and that Retail reported net sales of $2.44 billion and adjusted EBITDA of $96 million. Defendants deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

39.     Defendants admit that UNFI records revenue to five customer channels within Net sales, which are described as follows: "Chains," which consists of customer accounts that typically have more than 10 operating stores and excludes stores included within the Supernatural and Other channels defined below; "Independent retailers," which includes smaller size accounts including single store and multiple store locations, and group purchasing entities that are not classified within Chains above or Other defined below; "Supernatural," which consists of chain accounts that are national in scope and carry primarily natural products, and currently consists solely of one customer; "Retail," which reflects the Company's Retail segment, including Cub® Foods and Shoppers® stores; and "Other," which includes international

9

customers outside of Canada, foodservice, eCommerce, conventional military business and other sales. Defendants deny the remainder of the allegations in this paragraph.

### B.    Overview Of UNFI's Inventory Accounting

40.    Defendants admit the allegations in this paragraph.

41.    Defendants admit the allegations in this paragraph.

42.    Defendants admit the allegations in this paragraph.

43.    Defendants admit that, as of August 3, 2024, approximately $1.9 billion or 82% of inventory was valued under the LIFO method, before the application of any LIFO reserve, and primarily included grocery, frozen food and general merchandise products, with the remaining inventory valued under the first-in, first-out method and primarily included meat, dairy and deli products. Defendants admit the allegations of footnote 3 of this paragraph. Defendants deny the remainder of the allegations in this paragraph.

### C.    UNFI's Pre-Class Period Transformation Into America's Premier Grocery Wholesaler And Focus On Cost Savings

44.    The allegations in the first, third, and fourth sentences in this paragraph purport to quote or characterize UNFI's press releases, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that SuperValu was one of the largest grocery wholesalers and retailers in the U.S. with annual sales of approximately $14 billion. Defendants deny the remainder of the allegations in this paragraph.

45.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs'

characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

46.     The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**D.     Adjusted EBITDA, Gross Profit, And Gross Margin Were Important Metrics To Investors**

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and for that reason, deny those allegations. Defendants admit the second sentence of this paragraph. Defendants admit that the principal components of UNFI's cost of sales include the amounts paid to suppliers for product sold, plus transportation costs necessary to bring the product to, or move product between, distribution centers and retail stores, partially offset by consideration received from suppliers in connection with the purchase or promotion of the suppliers' products. Defendants deny the remainder of the allegations in this paragraph.

48.     Defendants admit that UNFI reports gross profit on its Consolidated Statements of Operations and that UNFI calculates gross profit as net sales less the cost of sales. Defendants admit that UNFI does not include operating expenses in gross profit on its Consolidated Statements of Operations. Defendants further admit that its Consolidated Financial Statements are prepared in conformity with accounting principles generally accepted in the United States. Defendants deny the remainder of the allegations in this paragraph.

49.    Defendants admit that gross margin is a metric used by investors and otherwise lack information sufficient to admit or deny the third sentence of this paragraph, and on that basis deny that sentence. Defendants admit the remainder of the allegations in this paragraph.

50.    Defendants admit the allegations in the first two sentences of this paragraph. Defendants admit that UNFI provides Adjusted EBITDA, in addition to the GAAP results, as a supplement to its results of operations and related analysis, and UNFI admits that Adjusted EBITDA excludes certain items because they are non-cash items or items that do not reflect management's assessment of ongoing business performance. The remaining allegations in this paragraph purport to quote or characterize UNFI's financial statements and public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

51.    The allegations in this paragraph purport to quote or characterize UNFI's financial statements and public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

52.    Defendants deny the first sentence of this paragraph. Defendants deny that a proxy statement was filed on January 10, 2023, and on that basis deny the second sentence of this paragraph. Defendants deny the remainder of the allegations in this paragraph.

### E.    The Impact Of Inflation On UNFI's Business

53.    Defendants admit that UNFI experienced a mix of inflation across product categories during late 2021 and calendar year 2022. Defendants lack knowledge or information

12

sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and for that reason, deny those allegations.

54.     Defendants admit that cost inflation and deflation estimates are based on individual like items sold during the periods being compared. Defendants admit the second and third sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the cited document, and for that reason, deny those allegations.

55.     Defendants admit that prolonged periods of product cost inflation and periods of rapidly increasing inflation may have a negative impact on UNFI's profit margins and results of operations to the extent that UNFI is unable to pass on all or a portion of such product cost increases to its customers, or to the extent its operating expenses increase. Defendants further admit that UNFI's pricing to its customers is determined at the time of sale primarily based on the then prevailing vendor listed base cost and includes discounts UNFI offers to its customers. Generally, in an inflationary environment as a wholesaler, rising vendor costs result in higher Net sales driven by higher vendor prices when other variables such as quantities sold and vendor promotions are constant. Defendants deny the remainder of the allegations in this paragraph.

56.     The allegations in this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists, although it does not contain the quoted language. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and for that reason, deny those allegations.

57.     The allegations in this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists and contains the quoted language, and

13

Defendants refer the Court to such document for a complete and accurate statement thereof. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and for that reason, deny those allegations.

58.	The allegations in this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists and contains the language quoted in paragraph 57, and Defendants refer the Court to such document for a complete and accurate statement thereof.

59.	Defendants admit that inflation tends to increase net sales. The remaining allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

60.	The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

**F.	Food Distributors Can Improve Gross Margin By Forward Buying**

61.	Defendants deny the first sentence of this paragraph, except to admit that the ability to purchase inventory ahead of known price increases could result in a benefit. Defendants deny the second sentence of this paragraph, except to admit that procurement gains during the putative Class Period included gains from forward buying. The allegations in the third

sentence of this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists and contains the quoted language.

62.     The allegations in the first sentence this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists but cannot confirm whether the document contains the quoted language because the document is behind a paywall; Defendants deny the remainder of the allegations in the first sentence in this paragraph. Defendants admit that UNFI cooperatively engages in and supports a variety of promotional programs and services with its suppliers to increase sales while maintaining or improving our margins. Defendants admit the allegations in the third sentence of this paragraph.

63.     The allegations in this paragraph purport to quote or characterize a third party's social media post. Defendants admit that such document exists and contains the quoted language. Defendants deny the remainder of the allegations in this paragraph.

64.     The allegations in this paragraph purport to quote or characterize a third party article. Defendants admit that such document exists but cannot confirm whether the document contains the quoted language because the document is behind a paywall; Defendants deny the remainder of the allegations in the first sentence in this paragraph.

65.     The allegations in this paragraph purport to quote or characterize a third party's social media post. Defendants admit that such document exists. Defendants otherwise deny the allegations in this paragraph.

**G.      Prior To The Class Period, Defendants Were Aware Of Impending Cost Price Increases From Their Suppliers**

66.     The allegations in the first and last sentences in this paragraph purport to quote or characterize an earnings call transcript, and Defendants refer the Court to such document for a

complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI has a process for CPG increases or suppliers' increases where it gets notification 60 to 90 days in advance. Defendants deny the remainder of the allegations in this paragraph.

67.     The allegations in this paragraph purport to quote or characterize an earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

68.     The allegations in this paragraph purport to quote or characterize an earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

## V.     SUBSTANTIVE ALLEGATIONS

**A.     During The Class Period, Defendants Reported Positive EBITDA And Gross Margin Results That Gave The (Misleading) Appearance That UNFI Was Successfully Weathering A Difficult Macroeconomic Environment**

69.     Defendants deny the allegations in this paragraph.

70.     Defendants deny the allegations in this paragraph.

71.     The allegations in this paragraph purport to quote or characterize a press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

16

72.     The allegations in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

73.     The allegations in this paragraph purport to quote or characterize a UNFI press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

74.     The allegations in the first sentence in this paragraph purport to quote or characterize an earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

75.     Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second and third sentences in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

76.     The allegations in this paragraph purport to quote or characterize a UNFI press release, and Defendants refer the Court to such document for a complete and accurate statement

thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

77.     The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

78.     Defendants deny the allegations in this paragraph.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in this paragraph, and for that reason, deny those allegations. The allegations in the second and third sentences in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

80.     The allegations in the first sentence in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the allegations of the second sentence of this paragraph. The allegations in the third, fourth and fifth sentences in this paragraph purport to quote or characterize UNFI's press releases and earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof

and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

81.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

82.    The allegations in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**B.    On December 7, 2022, Defendants Report A Decline In Gross Margin For 1Q23, Which They Misleadingly Attributed To "Temporary" Customer Mix Changes**

83.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

84.    Defendants admit that its stock price declined by $6.74 between market close on December 6 and market close on December 7, 2022. Defendants deny the remainder of the allegations in this paragraph.

85.    Defendants admit that the decline in UNFI's gross profit rate was not very large. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

19

remainder of the allegations in the first sentence of this paragraph and for that reason, deny those allegations. The remainder of the allegations in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

86.     The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

87.     The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

88.     Defendants deny the allegations in this paragraph.

89.     Defendants admit that during 1Q23, inflation decelerated. Defendants deny the remainder of the allegations in this paragraph.

**C.    On March 8, 2023, Defendants Shocked Investors By Revealing That UNFI's Reported EBITDA Had Been "Significantly" Inflated By Undisclosed "Procurement Gains" That Had Masked Other Challenges**

90.     The allegations in the first, second, fourth, and fifth sentences in this paragraph purport to quote or characterize UNFI's blog post, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent

therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

91.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

92.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

93.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

94.    The allegations in first and second sentences of this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

95.    Defendants admit that UNFI held an earnings call on March 8, 2023. The allegations in the second sentence in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate

21

statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

96.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

97.    The allegations in the first sentence and after the colon in the third sentence of this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

98.    The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's press release and earnings call transcript, and Defendants refer the Court to such documents for complete and accurate statements thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

99.    The allegations in the first and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith,

including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

100. The allegations in the first, second, and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

101. The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

102. Defendants admit that its stock price declined by $11.49 between market close on March 7, 2023 and market close on March 8, 2023. Defendants deny the remainder of the allegations in this paragraph.

**D. Analysts' Reactions To The March 8, 2023 Disclosures Confirm That Class Period Statements Did Not Disclose The Significant Impact of Forward Buying**

103. The allegations in the first sentence in this paragraph purport to quote or characterize a third party research note. Defendants admit that such document exists. Defendants admit that Plaintiffs purport to have filed this action on behalf of a putative class of investors who purchased or acquired UNFI stock from December 8, 2021 through September 25, 2023 and deny the appropriateness of same. Defendants deny the remainder of the allegations in this paragraph.

104.    The allegations in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

105.    The allegations in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

106.    The allegations in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

107.    The allegations in the second through fourth sentences of this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

108.    The allegations in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate

24

statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

109. The allegations in the second through fourth sentences of this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

110. The allegations in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**E.    Defendants Continue To Issue Materially Misleading Statements, Including Fiscal 2023 Guidance That Purports To Account For The Decline In Forward Buying Opportunities**

111. The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

112. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs'

characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**F.**  **On June 7, 2023, Defendants Again Shocked Investors By Further Slashing UNFI's EBITDA Guidance And Further Revealing Problems That Had Been Masked By UNFI's "Strategic Forward Buying" Practices During The Class Period**

113.   The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

114.   Defendants admit that its stock price declined by $4.11 between market close on June 6 and market close on June 7, 2023. Defendants deny the remainder of the allegations in this paragraph.

115.   The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

116.   The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

117. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

118. The allegations in this paragraph, including footnote 13, purport to quote or characterize UNFI's earnings call presentation, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

119. The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

120. The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

121. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs'

27

characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

122.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

123.    The allegations in the second sentence in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

124.    The allegations in the second and third sentences in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**G.      On September 26, 2023, Defendants Further Reveal That The "Out-of-Pattern Increase in Procurement Gains" Began By January 2022 At The Latest And Amounted To At Least $275 Million For The One Year Period Spanning The Second Half Of Fiscal 2022 Through The First Half Of Fiscal 2023**

125.    The allegations in this paragraph purport to quote or characterize UNFI's press release and earnings call transcript, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith,

28

including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

126.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

127.    The allegations in the first and second sentences of this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

128.    Defendants admit that its stock price declined by $5.19 between market close on September 25, 2023 and market close on September 26, 2023. Defendants deny the remainder of the allegations in this paragraph.

129.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

130.    The allegations in this paragraph, including footnote 15, purport to quote or characterize UNFI's earnings call presentation, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith,

29

including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

131.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

132.    The allegations in the second and third sentences in this paragraph purport to quote or characterize third party analyst reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

133.    The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

### H.    Defendants Do Not Dispute That They Were Aware Of And Had Visibility Into UNFI's Undisclosed "Substantial" "Strategic" Forward Buying During The Class Period

134.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs'

characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

135.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

136.    Defendants deny the allegations in this paragraph.

137.    Defendants deny the allegations in this paragraph.

138.    The allegations in the first sentence in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

139.    The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

140.    The allegations in the first, second, and third sentences of this paragraph purport to quote or characterize UNFI's public filings and earnings call transcript, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any

31

allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

Defendants deny the remainder of the allegations in this paragraph.

141.    Defendants deny the allegations in this paragraph.

142.    The allegations in the second and third sentences in this paragraph purport to

quote or characterize UNFI's public disclosures, and Defendants refer the Court to such

documents for a complete and accurate statement thereof and deny any allegation inconsistent

therewith, including Plaintiffs' characterization of those statements. Defendants deny the

remainder of the allegations in this paragraph.

## VI.    MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

### A.    1Q22 Results

143.    The allegations in this paragraph purport to quote or characterize UNFI's press

release, and Defendants refer the Court to such document for a complete and accurate statement

thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of

those statements. Defendants specifically deny that the quoted statement is false or misleading.

144.    Defendants deny the allegations in this paragraph.

145.    By Opinion and Order dated September 13, 2024 (the "Opinion"), the Court

dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph.

Accordingly, no answer is required. To the extent an answer is required, Defendants refer the

Court to the documents cited for a complete and accurate statement thereof and deny any

allegation inconsistent therewith. Defendants specifically deny that the quoted statement is false

or misleading.

146.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

147.    The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

148.    Defendants deny the allegations in this paragraph.

149.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent an answer is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith. Defendants specifically deny that the quoted statement is false or misleading.

150.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

151.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

152.    Defendants deny the allegations in this paragraph.

**B.      2Q22 Results**

153.    The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

154.    Defendants deny the allegations in this paragraph.

155.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

156.    Defendants deny the allegations in this paragraph.

157.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent an answer is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

158.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

159. The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

160. Defendants deny the allegations in this paragraph.

161. The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

162. Defendants deny the allegations in this paragraph.

### C. 3Q22 Results

163. The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

164. Defendants deny the allegations in this paragraph.

165. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

166. Defendants deny the allegations in this paragraph.

35

167.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

168.    Defendants deny the allegations in this paragraph.

169.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

170.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

171.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

172.    Defendants deny the allegations in this paragraph.

173.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement

thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

174. Defendants deny the allegations in this paragraph.

**D.    4Q22 and Year-End Results**

175. The allegations in this paragraph purport to quote or characterize UNFI's press release, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

176. Defendants deny the allegations in this paragraph.

177. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

178. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

179. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs'

characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

180. Defendants deny the allegations in this paragraph.

181. The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

182. Defendants deny the allegations in this paragraph.

183. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

184. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

185. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation. Defendants specifically deny that the quoted statement is false or misleading.

186. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

187. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

188. In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

189. In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

190. In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

191.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

192.    Defendants deny the allegations in this paragraph.

### E.    1Q23 Results

193.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

194.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

195.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

196.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

197.    The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

198.    Defendants deny the allegations in this paragraph.

199.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

200.    In the Opinion, the Court dismissed claims based on General Impact of Inflation Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

201.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants specifically deny that the quoted statement is false or misleading.

41

202.    Defendants deny the allegations in this paragraph.

**F.      2Q23 Results**

203.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements, including the statement in this paragraph. Accordingly, no answer is required. To the extent a response is required, Defendants refer the Court to the documents cited for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements, and specifically deny that the quoted statement is false or misleading.

204.    In the Opinion, the Court dismissed claims based on FY23 Guidance Statements. Accordingly, no answer is required. To the extent a response is required, Defendants deny this allegation.

**G.      Defendants Violated Item 303 of Regulation S-K**

205.    This paragraph contains a legal conclusion to which no response is required.

206.    Defendants deny the allegations in this paragraph.

207.    Defendants deny the allegations in this paragraph.

208.    The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

209.    The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such

document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

210.    Defendants deny the allegations in this paragraph.

211.    The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

## VII.    LOSS CAUSATION

212.    Defendants deny the allegations in this paragraph.

213.    Defendants deny the allegations in this paragraph.

214.    The allegations in the first and second sentences in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock price declined by $6.47 between market close on December 6, 2022 and market close on December 7, 2022. Defendants deny the remainder of the allegations in this paragraph.

215.    The allegations in the first and second sentences in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock

price declined by $11.49 between market close on March 7, 2023 and market close on March 8, 2023. Defendants deny the remainder of the allegations in this paragraph.

216.    The allegations in the first, second, and third sentences in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock price declined by $4.11 between market close on June 6, 2023 and market close on June 7, 2023 and by $1.56 between market close on June 7, 2023 and market close on June 8, 2023. Defendants deny the remainder of the allegations in this paragraph.

217.    The allegations in the first and second sentences in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants admit that UNFI's stock price declined by $5.19 between market close on June 6, 2023 and market close on June 7, 2023. Defendants deny the remainder of the allegations in this paragraph.

218.    Defendants deny the allegations in this paragraph.

## VIII.    ADDITIONAL SCIENTER ALLEGATIONS

219.    Defendants deny the allegations in this paragraph.

220.    Defendants deny the allegations in this paragraph.

### A.    The Individual Defendants Engaged In "Strategic" Forward Buying To Hedge Against Macro Challenges The Company Faced

221.    Defendants deny the allegations in this paragraph.

222.   The allegations in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements.

223.   The allegations in this paragraph purport to quote or characterize UNFI's earnings call transcripts and UNFI's Supplier Policies & Guidelines, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

224.   Defendants deny the allegations in this paragraph.

225.   The allegations in this paragraph purport to quote or characterize a deposition transcript from an unrelated proceeding, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 17, and for that reason, deny those allegations. Defendants deny the remainder of the allegations in this paragraph.

226.   The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

45

227. The allegations in the second, third, and fourth sentences in this paragraph purport to quote or characterize UNFI's earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**B.    The Individual Defendants Had Access To Information To Conduct The Cost-Benefit Analysis Before Forward Buying During The Class Period**

228. Defendants deny the allegations in this paragraph.

229. The allegations in the second sentence in this paragraph and footnote 18 purport to quote or characterize UNFI's Supplier Support Site and ClearVue reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

230. The allegations in the second and third sentences of this paragraph purport to quote or characterize ClearVue reports, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations of this paragraph.

231. Defendants deny the allegations in this paragraph.

232. The allegations in this paragraph purport to quote or characterize a deposition transcript from an unrelated proceeding, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith,

including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

### C.    The Magnitude Of The Profitability Benefit Derived From Procurement Gains Supports An Inference Of Scienter

233.    The allegations in the second, third, and fourth sentences in this paragraph purport to quote or characterize a third party analyst report, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

234.    The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's public filings and earnings call transcript, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

235.    Defendants deny the allegations in this paragraph.

236.    Defendants deny the allegations in this paragraph.

237.    The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

238.    The allegations in the first and second sentences in this paragraph purport to quote or characterize UNFI's public disclosures, and Defendants refer the Court to such documents for

47

a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

### D.   Defendant Testa's Suspicious Stock Sales Support An Inference Of Scienter

239.   Defendants deny the allegations in this paragraph.

240.   Defendants deny the allegations in this paragraph.

241.   Defendants admit that 27,063 shares of UNFI stock belonging to Mr. Testa were sold at a weighted average price of $40.53 and that 868 shares of UNFI stock belonging to Mr. Testa were sold at a weighted average price per share of $40.93; both sales were executed pursuant to a Rule 10b5-1 trading plan on January 23, 2023. Defendants deny the remainder of the allegations in this paragraph.

242.   Defendants admit that stock belonging to Mr. Testa was sold on January 23, 2023 pursuant to a Rule 10b5-1 trading plan executed on December 22, 2022. Defendants deny the remainder of the allegations in this paragraph.

243.   Defendants admit that stock belonging to Mr. Testa was sold on January 23, 2023 pursuant to a Rule 10b5-1 trading plan executed on December 22, 2022. Defendants deny the remainder of the allegations in this paragraph.

244.   Defendants admit that stock belonging to Mr. Testa was sold on January 23, 2023 pursuant to a Rule 10b5-1 trading plan executed on December 22, 2022. The allegations in the second and third sentences in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement

thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

**E.      The Individual Defendants Were Incentivized To Use Forward Buying To Improve Gross Margin And Adjusted EBITDA**

**1.      The Individual Defendants' Performance Based Compensation Was Heavily Impacted By The Company's Adjusted EBITDA For Fiscal 2022**

245.    The allegations in this paragraph purport to quote or characterize UNFI's press release and earnings call transcript, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

246.    The allegations in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

247.    The allegations in this paragraph purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

248.    The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's public filings and earnings call transcripts, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation

inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

### 2. A Substantial Amount Of The Cash Compensation Paid To The Individual Defendants For 2022 Was "Earned" By Forward Buying

249. The allegations in the second sentence in this paragraph purport to quote or characterize UNFI's public filing, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

250. The allegations in second and third sentences in this paragraph, and footnote 19, purport to quote or characterize UNFI's public filings, and Defendants refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

### F. Pursuant To Their Own Admissions, Defendants Issued Fiscal 2023 Guidance Despite Knowing They Lacked Real-Time Visibility

251. The allegations in the second, third, and fourth sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript, and Defendants refer the Court to such document for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

252. The allegations in the second, third, and fourth sentences in this paragraph purport to quote or characterize UNFI's earnings call transcript and public disclosures, and Defendants

refer the Court to such documents for a complete and accurate statement thereof and deny any allegation inconsistent therewith, including Plaintiffs' characterization of those statements. Defendants deny the remainder of the allegations in this paragraph.

253.    Defendants deny the allegations in this paragraph.

## IX.    CLASS ACTION ALLEGATIONS

254.    Defendants admit that Plaintiffs purport to pursue the claims described. Defendants deny the validity of those claims.

255.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, but admit that UNFI's shares traded on the NYSE.

256.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

257.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

258.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

259.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## X.   UNDISCLOSED ADVERSE FACTS

260.   The allegation in the first sentence of this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remainder of the allegations in this paragraph.

261.   Defendants deny the allegations in this paragraph.

262.   Defendants deny the allegations in this paragraph.

## XI.   APPLICABILITY OF PRESUMPTION OF RELIANCE

263.   The allegation in the first sentence of this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remainder of the allegations in this paragraph.

264.   Defendants deny the allegations in this paragraph.

265.   The allegation in the first clause of this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, and Defendants deny the remainder of the allegations in this paragraph, but admit that UNFI stock met the requirement for listing, was publicly traded on the NYSE, UNFI made legally required disclosures, and UNFI was followed by research analysts.

266.   The allegations in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegation. Defendants deny the remainder of the allegations in this paragraph.

267.   The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## XII.   NO SAFE HARBOR

268.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## XIII.   CLAIMS FOR RELIEF

### FIRST CLAIM

**Violation of Section 10(b) of The Exchange Act and
Rule 10b-5 Promulgated Thereunder
<u>Against All Defendants</u>**

269.    Defendants repeat each response and denial set forth above as it fully set forth herein.

270.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

271.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

272.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

273.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

274. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

275. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

276. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

277. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

278. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

279. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## SECOND CLAIM

**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

280. Defendants repeat each response and denial set forth above as it fully set forth herein.

281.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

282.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

283.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## XIV.   AFFIRMATIVE AND OTHER DEFENSES

Without conceding that they bear the burden of proof as to any of these defenses, Defendants assert the following affirmative and other defenses to the allegations set forth in the Second Amended Complaint. Defendants expressly reserve the right to supplement, amend, or delete any of all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### First Affirmative Defense

The Second Amended Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiffs lack standing.

### Third Affirmative Defense

Defendants are not liable because the statements quoted did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or

necessary to make the statements made not misleading, and because all statements upon which Plaintiffs purport to base their claims are true and accurate.

**Fourth Affirmative Defense**

Defendants are not liable because they did not act with scienter.

**Fifth Affirmative Defense**

Defendants are not liable, to the extent Plaintiffs' claims are based on Defendants' omission(s) of purported material information, because Defendants had no duty to disclose or update the information.

**Sixth Affirmative Defense**

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because they are predicated on statements of opinion or belief, which Plaintiffs cannot prove were objectively false when made. Additionally, Plaintiffs cannot prove that these statements misrepresented the speaker's subjective opinion or belief.

**Eighth Affirmative Defense**

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements were mere puffery or were vague statements of optimism that are not actionable under the federal securities laws.

**Ninth Affirmative Defense**

Pursuant to 15 U.S.C. § 78u-5(c), Defendants are not liable in connection with any forward-looking statements because any such forward-looking statements were (i) accompanied by meaningful cautionary language, (ii) immaterial, and/or (iii) made without actual knowledge that the statements were false or misleading.

**Tenth Affirmative Defense**

Defendants are not liable because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were contained or were made in the context of sufficient cautionary language or risk disclosure and thus are non-actionable under the "bespeaks caution" doctrine.

**Eleventh Affirmative Defense**

Defendants are not liable because Plaintiffs and the market were informed in the SEC filings and all public information releases of the risks associated with their investments.

**Twelfth Affirmative Defense**

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of the alleged misstatements or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of UNFI's stock.

**Thirteenth Affirmative Defense**

Defendants are not liable because at all times, and with respect to all matters contained herein, they acted in good faith, exercised reasonable care and did not know, and in the exercise

57

of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**Fourteenth Affirmative Defense**

Defendants are not liable because any alleged misstatements or omissions made or caused to be made by Defendants were based in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom they were entitled to rely.

**Fifteenth Affirmative Defense**

Plaintiffs' claims and those of the putative class are barred because Defendants at all times acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore are not subject to liability under the federal securities laws.

**Sixteenth Affirmative Defense**

Individual Defendants are entitled to judgment on the Section 20(a) control person liability claim against them because they acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

**Seventeenth Affirmative Defense**

Individual Defendants are not liable with respect to the Section 20(a) control person claim because Defendants are not controlling persons, which is a predicate for establishing any liability for a control person claim.

**Eighteenth Affirmative Defense**

Defendants are not liable because Plaintiffs' alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of

persons and/or entities other than Defendants, and were not the result of any act or omission on the part of Defendants.

**Nineteenth Affirmative Defense**

Defendants are not liable because Plaintiffs did not rely, or could not have reasonably or justifiably relied, upon the alleged misstatements or omissions alleged in the Complaint or the market price of UNFI's stock.

**Twenty Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because the alleged misstatements and omissions alleged in the Complaint did not affect the market price of UNFI's stock.

**Twenty-First Affirmative Defense**

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of losses alleged in the Complaint.

**Twenty-Second Affirmative Defense**

Defendants are not liable because Plaintiffs' losses, if any, were not caused by Defendants, Plaintiffs' claims are barred, in whole or in part, for lack of loss causation, and no act or omission attributed to Defendants in the Amended Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs, or caused the alleged loss for which Plaintiffs seek damages. Moreover, Defendants are not liable for any alleged damages suffered by Plaintiffs to the extent that (i) the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, (ii) Plaintiffs' purported injuries and damages, if any, were caused or contributed to, in whole or in part, by Plaintiffs themselves, or (iii) Plaintiffs' purported injuries and damages, if any, were caused or contributed to, in whole or

59

in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendants and over which Defendants have no control.

**Twenty-Third Affirmative Defense**

Plaintiffs cannot demonstrate any damages.

**Twenty-Fourth Affirmative Defense**

Plaintiffs failed to mitigate any damage they allege to have suffered and are thus barred from recovering damages.

**Twenty-Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel, and/or ratification.

**Twenty-Sixth Affirmative Defense**

This action may not be properly maintained as a class action under the requirements of Federal Rule of Civil Procedure 23 and because the named Plaintiffs are not proper class representatives.

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1.      That judgment be entered in favor of Defendants;

2.      That Plaintiffs and the putative class take nothing from Defendants by this FAC,

and that this action be dismissed with prejudice;

3.      For costs, attorneys' fees, expert witness fees, and court hearing costs incurred

herein; and

4.      For such other relief as the Court deems just and proper.


Dated: October 28, 2024
       New York, New York

                                        /s/ Francesca Brody
                                        Francesca Brody
                                        Vincent Margiotta
                                        SIDLEY AUSTIN LLP
                                        787 Seventh Avenue
                                        New York, New York 10019
                                        Telephone: (212) 839-5300
                                        Facsimile: (212) 839-5599
                                        fbrody@sidley.com
                                        vmargiotta@sidley.com

                                        Nilofer I. Umar (admitted *pro hac vice*)
                                        Neil H. Conrad (admitted *pro hac vice*)
                                        William J. Lawrence (admitted *pro hac vice*)
                                        SIDLEY AUSTIN LLP
                                        One South Dearborn Street
                                        Chicago, Illinois 60603
                                        Telephone: (312) 853-7000
                                        Facsimile: (312) 853-7036
                                        numar@sidley.com
                                        nconrad@sidley.com
                                        bill.lawrence@sidley.com

                                        *Attorneys for Defendants*