UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN SILLS and GEORGE DICK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED NATURAL FOODS, INC., J. ALEXANDER MILLER DOUGLAS, JOHN W. HOWARD, and CHRISTOPHER P. TESTA,<br><br>      Defendants. | Case No.: 1:23-cv-02364-JGLC-VF<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

  **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"), it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

  1. Counsel for any Producing Party (including the Parties and non-parties to this action) may designate any document or information, in whole or in part, as Confidential Information or Highly Confidential Information, in accordance with the definitions and in the manner set forth below, if counsel determines in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as Confidential Information will be stamped "CONFIDENTIAL," and information and documents designated by a party as Highly Confidential Information will be stamped "HIGHLY CONFIDENTIAL."

  2. As used herein:

    a. "Confidential Information" shall mean all discovery materials, and all information contained therein, all extracts and summaries of such information, and other information designated as Confidential, if such discovery materials contain information prohibited from disclosure by statute, trade secrets, proprietary business information, competitively

1

        sensitive information including commercial, business, or financial information that a party has maintained as confidential, personal identity information, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

    b.    "Highly Confidential Information" means information that falls within one or more of the categories delineating Confidential Information in Paragraph 2(a) above, and disclosure of which other than as permitted pursuant to Paragraph 6 herein the Producing Party in good faith reasonably believes carries a substantial risk of serious competitive, commercial, or personal harm.

    c.    "Producing Party" means the party producing Confidential Information or Highly Confidential Information in connection with depositions, document productions, interrogatories, or otherwise, or the party asserting the confidentiality privilege, as the case maybe.

    d.    "Receiving Party" means the party receiving Confidential Information or Highly Confidential Information in connection with depositions, document productions, interrogatories, or otherwise.

3. Confidential Information and Highly Confidential Information disclosed by a Producing Party will be held and used by any Receiving Party solely for use in connection with this action.

4. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Failure to object or a decision not to object to a party's designation of discovery material as Confidential Information or Highly Confidential Information shall not be deemed a concession or admission that the material meets the requirements of such terms as defined herein. In addition, no designation of Confidential Information or Highly Confidential Information, with respect to any discovery material, shall be admissible evidence at any hearing or trial. Each party reserves the right to object to the use or admissibility of Confidential Information or Highly Confidential Information. In the event a party challenges another party's confidentiality designation, counsel shall attempt in good faith to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. If no such motion is filed, such discovery materials shall continue to be treated as Confidential Information or Highly Confidential Information. If the motion is filed, the discovery materials shall be deemed Confidential Information or Highly Confidential Information unless and until the Court rules otherwise. On such a motion, the party asserting the confidentiality designation bears the burden of establishing the propriety of its designation of discovery materials as Confidential Information or Highly Confidential Information.

5.   Confidential Information shall not be disclosed to any person or entity, except:

  a.   The requesting party and counsel, including in-house counsel;

  b.   Employees of such counsel assigned to and necessary to assist in the litigation, who have been advised of their obligations hereunder and are under the supervision or control of such counsel;

  c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

  e.   An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

  f.   Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs 9 and 10, hereof; and

  g.   Any other person agreed to by the Producing Party.

6.   Highly Confidential Information shall not be disclosed to any person or entity, except outside counsel for the Receiving Party and the persons or entities identified in Paragraphs 5.b through 5.g in the manner described therein.

7.   Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

  a.   Inform the person of the confidential nature of the information or documents;

  b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c.   Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A.

8.   Nothing in this Protective Order limits a Producing Party's use of its own documents.

3

9. This Protective Order shall not preclude counsel for any Party from using during any deposition in this action any discovery material which has been designated Confidential Information or Highly Confidential Information under the terms of this Protective Order. Any deposition witness who is given access to Confidential Information or Highly Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Witnesses shall not retain copies of documents containing Confidential Information or Highly Confidential Information, except a witness and his/her counsel may receive a copy of the transcript of the witness's testimony and all exhibits marked at his/her deposition in connection with the review of the transcript. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties to the action.

10. If, during a deposition, a Party claims that a document being used in the deposition is privileged, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or (b) claw back the document and instruct the witness not to answer questions concerning the document. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged document and may promptly present the document to the Court for a determination of the privilege claim.

11. All depositions and deposition transcripts shall presumptively be treated as Confidential Information and subject to this Protective Order. Within 45 days of the deposition, any Party whose Confidential Information is contained in the deposition transcript may designate portions Highly Confidential or non-confidential by notifying counsel for the Parties in writing. Following the deposition, any other Party may request that specific portions be designated non-confidential or Highly Confidential Information. Unless and until any portion of the transcript is designated as non-confidential or Highly Confidential Information, it shall continue to be treated as Confidential Information.

12. A Party may designate as Confidential Information or Highly Confidential Information any discovery material produced or given by any other Party or non-party to this case, or any portion thereof. In the case of documents produced by a non-party, such designation shall be made by the designating Party by notifying all counsel in writing of those documents which are to be stamped or otherwise treated as such promptly upon learning of the production. The designating Party shall re-produce the documents to include a confidentiality stamp that clearly identifies the designating Party and shall be responsible for defending any such designation, if challenged.

13. The disclosure of a document or information without designating it as Confidential Information or Highly Confidential Information shall not constitute a waiver of the right to later designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall be treated as Confidential Information or Highly Confidential Information subject to all of the terms of this Protective Order.

14. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   a. A party that elects to claw back information pursuant to this Protective Order shall serve redacted documents or a privilege log on all parties within fourteen (14) days. Upon discovering disclosure of information that the Producing Party believes in good faith to be covered by attorney-client privilege, work product protection, or other evidentiary privilege or protection, the Producing Party shall promptly provide written notification to the Receiving Party, identifying the documents or portions thereof that contain privileged or protected information.

   b. Upon notification from the disclosing party that information covered by the attorney-client privilege or work-product protection has been produced, the Receiving Party will (a) within seven (7) days return the information and all copies of the information in its possession; (b) delete any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any nonparties, including experts; (d) destroy or sequester any notes that reveal the substance of the protected information; and (e) make no use of the information, including in any motion or briefing before the Court. The Receiving Party will promptly confirm in writing to the Producing Party that these steps have been taken. Promptly following notification to the Receiving Party that information covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection has been produced, the Producing Party shall provide the Receiving Party with a replacement production in the same format as the

        original production, with the protected information appropriately withheld or redacted.

    c.    The Receiving Party may contest the privilege or work product designation by the disclosing party, and shall have the right to apply for an order that such information is not protected from disclosure by any privilege, law, or doctrine. The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the substance of the protected contents of the materials (including in contesting the assertion of protection or privilege). The Parties shall submit the contested document to the Court for in camera review or under seal, and the Parties shall seek to file under seal portions of the motion papers discussing the contested document. Pending resolution of such a challenge, the Receiving Party must continue to sequester the information contained in any notes and, in the event the Court concludes that the information is protected from disclosure, delete the information from any notes or any portions thereof that reveal the substance of the protected Information. The Producing Party must preserve the information pending resolution of the privilege challenge and, in the event the Court concludes that the information is not protected from disclosure, promptly provide the Receiving Party with a replacement production.

    d.    If a party independently discovers that it has received documents or information that reasonably appear to be privileged, the party shall timely notify the other party, and in any event, no later than 10 (ten) days after such discovery.

16. Notwithstanding the designation of information as Confidential Information or Highly Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

17. In the event any additional person or entity becomes a party to this action, such person or entity shall not have access to Confidential Information or Highly Confidential Information produced by or obtained from any other Party or non-party until the newly joined Party has been made subject to this Protective Order by the Court.

18. At the conclusion of litigation , Confidential Information and Highly Confidential Information, including any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal ) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. If a Plaintiff no longer proceeds with the litigation, that Plaintiff shall no longer have access to Confidential Information or Highly

Confidential Information produced by any other Party, and that Plaintiff shall return any such materials that were in his/her possession to Lead Counsel for Plaintiffs. This Protective Order shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on discovery materials that are used as exhibits in Court (unless such materials were filed under seal).

19. Nothing herein shall preclude the Parties from disclosing Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a Receiving Party is served with a subpoena or an order issued in other litigation, administrative proceeding, or regulatory proceeding that would compel disclosure of any discovery materials designated in this action as Confidential Information or Highly Confidential Information by a Producing Party:

   a. The Receiving Party must also, to the extent permitted by law, so notify the Producing Party in writing immediately, and in no event more than 7 days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order to the extent permitted by law.

   b. The Receiving Party also must immediately and in writing inform the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the discovery material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

   c. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Producing Party in this litigation an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection of its Confidential Information or Highly Confidential Information in that court, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody or control information designated as Confidential Information or Highly Confidential Information by any Producing Party.

20. Security

   a. The Receiving Party agrees to use reasonable efforts to keep documents produced by a Producing Party confidential and secure. Confidential Material shall be transmitted by a Receiving Party the same level of security

     or higher that it was produced. The Receiving Party agrees to notify the Producing Party within 48 hours of any known breach in the security of documents produced by any party.

  b. No documents, data or information produced by a Producing Party may be input into any public internet search engine or into any public, non-compartmentalized generative artificial intelligence (e.g., ChatGPT, Google Bard, etc.) by the Receiving Party.

  c. Documents produced in this Action shall be maintained in a distinct database, separate from any other documents, including those produced by a Producing Party in a separate litigation. A Receiving Party may not co-mingle Confidential Information or Highly Confidential Information with materials from any other litigation or matter. A Receiving Party may not use any form of Artificial Intelligence on any Confidential Information or Highly Confidential Information, unless the Confidential Information or Highly Confidential Information analyzed is limited to data from a single Producing Party that was produced in this Action. The obligations and restrictions of this paragraph apply even where the data or the Confidential Information or Highly Confidential Information has been anonymized.

  d. "Artificial Intelligence" means any system (including computer systems, algorithms, machine learning, and natural language processing) designed to or capable of simulating or approximating human-level intelligence in the performance of designated tasks, such as document review, coding, summarization, and text generation. Artificial Intelligence includes models, APIs, applications, and services such as GPT by Open AI, Bard and Gemini by Google, Bing and Copilot by Microsoft, Claude by Anthropic, Titan and Bedrock by Amazon, and any other proprietary or open-source alternatives, as well as any products and services making use of such technology. It includes both narrow AI, which focuses on specific tasks, and general AI, which possesses human-level intelligence across a broad range of domains. This definition is intended to recognize AI's current capabilities, while encompassing and including future advancements, even if not specifically identified or described in this Protective Order.

21. This Protective Order is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular discovery materials or information.

22. The Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information or Highly Confidential Information disclosed hereunder.

SO STIPULATED AND AGREED.

DATED: November 20, 2024                                            Respectfully submitted,


 /s/ Pavithra Rajesh                                                /s/ Francesca Brody

**GLANCY PRONGAY & MURRAY LLP**                                     **SIDLEY AUSTIN LLP**
Gregory B. Linkh                                                    Francesca E. Brody
230 Park Avenue, Suite 358                                          Vincent J. Margiotta
New York, NY 10169                                                  787 Seventh Avenue
Tel: (212) 682-5340                                                 New York, New York 10019
Fax: (212) 884-0988                                                 Telephone: (212) 839-5300
glinkh@glancylaw.com                                                Facsimile: (212) 839-5599
                                                                    fbrody@sidley.com
Robert V. Prongay (admitted *pro hac vice*)                         vmargiotta@sidley.com
Casey E. Sadler (admitted *pro hac vice*)
Melissa C. Wright (admitted *pro hac vice*)                         Nilofer I. Umar (admitted *pro hac vice*)
Pavithra Rajesh (admitted *pro hac vice*)                           Neil H. Conrad (admitted *pro hac vice*)
1925 Century Park East, Suite 2100                                  William J. Lawrence (admitted *pro hac vice*)
Los Angeles, California 90067                                       One South Dearborn Street
Tel: (310) 201-9150                                                 Chicago, Illinois 60603
Fax: (310) 201-9160                                                 Telephone: (312) 853-7000
rprongay@glancylaw.com                                              Facsimile: (312) 853-7036
csadler@glancylaw.com                                               numar@sidley.com
mwright@glancylaw.com                                               nconrad@sidley.com
prajesh@glancylaw.com                                               bill.lawrence@sidley.com

*Counsel for Plaintiffs Dan Sills and George Dick*                  *Counsel for Defendants*


**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, Pennsylvania 19020
Tel: (215) 638-4847
Fax: (215) 638-4867
hsmith@howardsmithlaw.com

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz

2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Tel: (310) 914-5007
fcruz@frankcruzlaw.com

*Additional Counsel*

Dated: New York, New York
       November 21, 2024

SO ORDERED.

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Sills v. United Natural Foods, Inc.* (No. 1:23-cv-02364-JGLC-VF) have been designated as Confidential Information or Highly Confidential Information. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I have received a copy of the Confidentiality Stipulation and Protective Order entered in the above-entitled action on _____, 2024.

I hereby agree that I will not disclose any information contained in such documents labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any other person. I further agree not to use any such information for any purpose other than this litigation.

I will return all Confidential Information and all Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information.


DATED:

_____
Signed in the presence of:



_____
(Attorney)