**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAN SILLS *and* GEORGE DICK, *individually*
*and on behalf of all others similarly situated*,

                              Plaintiffs,

   vs.

UNITED NATURAL FOODS, INC., J.
ALEXANDER MILLER DOUGLAS, JOHN W.
HOWARD, *and* CHRISTOPHER P. TESTA,

                        Defendants.

No. 1:23-CV-02364-JGLC

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT CHRISTOPHER P. TESTA'S MOTION FOR RECONSIDERATION OF**
**<u>JULY 28, 2025 OPINION AND ORDER (DKT. 118)</u>**

Defendant Christopher P. Testa respectfully submits this Memorandum in Support of his Motion for Reconsideration of the Court's July 28, 2025 Opinion and Order (Dkt. 118).

**INTRODUCTION**

This case presents a rare circumstance warranting reconsideration: the Court's ruling on Defendant Testa's Motion for Judgment on the Pleadings rested on a clear error of fact that goes to an essential element of the claim. The Court relied on an earnings call statement that it believed was made by Mr. Testa to support the conclusion that "it is plausible that Testa was condoning the misleading omission of material information about forward buying." Dkt. 118, 7/28/25 Opinion & Order at 6. The earnings call statement supporting this conclusion was: "And Sandy [Douglas], *if I can build on that a little bit*, there were some specific items that we're cycling in '22 that we've talked about before … ." Dkt. 39, SAC ¶ 167 (emphasis added); *accord* Dkt. 118, 7/28/25 Opinion & Order at 5 (citing SAC ¶ 167). According to the Court, this statement was "made in conjunction with statements by Defendant [Sandy] Douglas that also omitted mention of forward buying," and therefore provided a basis to infer that by not mentioning forward buying, Testa was "condoning" the alleged omission. Dkt. 118, 7/28/25 Opinion & Order at 5-6.

As discussed in the reply brief submitted in support of Mr. Testa's motion, it was Mr. Howard, and not Mr. Testa, who made the statement in question. Dkt. 90, Reply at 1, 4. This error originated in Plaintiffs' filings. Plaintiffs misattributed the statement to Mr. Testa in their Second Amended Complaint, relied on that wrongly attributed statement to argue that Mr. Testa exercised control over the alleged misstatement in their opposition to Mr. Testa's Rule 12(c) motion, and despite notice of the blatant error after it was detailed in Mr. Testa's reply brief, never corrected the error. The Court, in turn, relied on the misattributed statement when concluding that Plaintiffs sufficiently alleged the control element of their control person liability

1

claim against Mr. Testa. Dkt. 118, 7/28/25 Opinion & Order at 5-6. But because Mr. Testa did not make this statement, the Court's conclusion rested on a clear error. Reconsideration is therefore appropriate.

## BACKGROUND

Christopher P. Testa is UNFI's former Chief Marketing Officer and President. Dkt. 39, SAC ¶ 29. Plaintiffs brought claims against Mr. Testa and other Defendants under Section 10(b) of the Exchange Act and Rule 10b-5, alleging that they made false or misleading statements about the Company's financial performance, and under Section 20(a) of the Exchange Act for control person liability. *Id.* ¶¶ 269-79, 281-83. When granting in part and denying in part Defendants' Motion to Dismiss, the Court held that Plaintiffs failed to adequately allege that Mr. Testa made a false or misleading statement. Dkt. 66, 9/13/24 Order & Opinion at 22 & n.2; *see also* Dkt. 118, 7/28/25 Opinion & Order at 2.

In November 2024, Mr. Testa moved for judgment on the pleadings, seeking dismissal of the remaining Section 20(a) claim against him. Dkt. 81. Mr. Testa argued that Plaintiffs failed to sufficiently allege the control and culpable participation elements of their claim, each of which is essential. Dkt. 82, Mem. at 5-11. The parties fully briefed the issue and Mr. Testa filed a reply brief responding to Plaintiffs' arguments in December 2024. *See* Dkt. 86, Opp.; Dkt. 90, Reply. On July 28, 2025, this Court denied Mr. Testa's Motion for Judgment on the Pleadings, concluding that Plaintiffs sufficiently alleged control and culpable participation. Dkt. 118, 7/28/25 Opinion & Order.

## LEGAL STANDARD

"Local Rule 6.3 permits a party to move for reconsideration based on matters or controlling decisions which counsel believes the court has overlooked." *Int'l Cargo Loss Prevention, Inc. v. Mediterranean Shipping Co. (USA)*, 2024 WL 2882215, at *1 (S.D.N.Y. June

7, 2024) (Clarke, J.) (quoting *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012)). A court should grant reconsideration where the movant demonstrates "that the Court overlooked controlling decisions or factual matters that were put before it on the original motion." *Id.* at *1 (quoting *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001)) (granting reconsideration motion); *see also Medcenter Holdings Inc. v. Web MD Health Corp.*, 734 F. Supp. 3d 303, 307 (S.D.N.Y. 2024) (same).

## ARGUMENT

Because the Court's opinion rests upon a critical factual error made in Plaintiffs' complaint, and which had been detailed in Mr. Testa's briefing, reconsideration is appropriate. *Int'l Cargo*, 2024 WL 2882215, at *1-3 (granting reconsideration where the court did not consider key emails that had been attached to a motion); *Schoolcraft v. City of New York*, 298 F.R.D. 134, 137-38 (S.D.N.Y. 2014) (granting reconsideration where the court overlooked critical facts). As the Court recognized, to state a claim for control person liability under Section 20(a), Plaintiffs must allege facts demonstrating actual control over the matters at issue, which in this case are the alleged misstatements that survived the motion to dismiss ruling. Dkt. 118, 7/28/25 Opinion & Order at 3; *see also Li v. Eqonex Ltd.*, 2024 WL 4241951, at *16 (S.D.N.Y. Sept. 18, 2024). The Court's July 28, 2025 Opinion and Order concluded that Plaintiffs sufficiently pleaded control by alleging *both* that (1) Mr. Testa "had authority over UNFI statements and had access to UNFI statements," *and* (2) Mr. Testa's "participation in an earnings call impl[ied] that he exercised actual control." Dkt. 118, 7/28/25 Opinion & Order at 6. As the Court recognized, "broad allegations of Testa's authority over and knowledge of the misleading statements might not always be enough to show actual control." *Id.* (citing *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166-67 (S.D.N.Y. 2012)). But when "combined" with the "allegations regarding Testa's participation in [a] single [earnings] call" here, the Court

3

found it "plausible that Testa did exercise control over the misleading statements." *Id.* at 6-7 (citing SAC ¶¶ 167-68).

Specifically, the Court relied on Plaintiffs' allegations about an earnings call statement—misattributed to Mr. Testa—that "buil[t]" on an alleged misstatement by Defendant Sandy Douglas regarding the matters at issue in this case. *Id.* (citing SAC ¶¶ 167-68). As alleged in the complaint, Mr. Douglas responded to an analyst's question about factors driving EBITDA margin rate decline by stating, "we have a number of initiatives through Value Path, and we expect, as we look forward, that there's a little bit of a crystal ball, but our strategy to continue to make our operating expense more efficient should be back on track as we go ahead." Dkt. 39, SAC ¶ 167. Plaintiffs allege that Mr. Testa then added, "And Sandy [Douglas], if I can build on that a little bit, there were some specific items that we're cycling in '22 that we've talked about before … ." *Id*. As the Court noted, "Plaintiffs' allegations regarding Testa's participation in this single call are quite minimal. And by itself, [the] statement during the call would *not* be sufficient for a Section 10(b) claim because it has nothing to do with forward buying." Dkt. 118, 7/28/25 Opinion & Order at 6 (emphasis added). But, the Court held, "for a Section 20(a) claim, the context matters," and because Mr. Testa's statement purportedly was "[m]ade in conjunction with Douglas's statements, it is plausible that Testa was condoning the misleading omission … about forward buying and the misleading suggestion that the margin rate 'should be back on track as we go ahead.'" *Id.*

The problem is that Mr. Howard, *not* Mr. Testa, made the statement that was critical to the Court's analysis. Mr. Testa thus made no statement "in conjunction with" any statement that survived the motion to dismiss. Plaintiffs introduced this error in their complaint, alleging that Mr. Testa made the "if I can build on that a little bit" statement during UNFI's Q3 FY22

earnings call. *See* Dkt. 39, SAC ¶ 167 ("Testa: And Sandy [Douglas], if I can build on that a little bit …"). Plaintiffs doubled down on the error by arguing in their opposition to Mr. Testa's Rule 12(c) motion that it evidenced Mr. Testa's control over the alleged misstatements. *See* Dkt. 86, Opp. 7-8 (citing SAC ¶ 167 and arguing that Mr. Testa purportedly said he was "'build[ing] on' Douglas's response"). But as their own exhibit revealed, the "if I can build on that a little bit" statement was ***made by Mr. Howard***, not Mr. Testa, and thus Plaintiffs' erroneous allegation cannot be credited. Dkt. 87-1, Pls. Ex. A, Q3 2022 Earnings Call Tr. 17 ("**JOHN W. HOWARD**: And Sandy, if I can build on that a little bit, there were some specific items … .").[1] In Defendants' December 2024 reply brief, Defendants thoroughly explained this error and put Plaintiffs on notice of the issue. *See* Dkt. 90, Reply 1, 4 (detailing the misattribution). But in the more than six months since, Plaintiffs failed to correct the error.[2]

The Court then relied on Plaintiffs' misattribution when concluding that Plaintiffs sufficiently alleged control with respect to Mr. Testa. Dkt. 118, 7/28/25 Opinion & Order at 6-7. Notably, without the wrongly attributed "if I can build on that a little bit" statement, Plaintiffs allege no facts showing Mr. Testa's control over *any of the alleged misstatements*, as opposed to his authority over and knowledge of other general business matters at UNFI, which this Court and other courts in this district recognize may not "be enough to show actual control." *Id.* at 6; *see also, e.g.*, *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d at 166-67; *Li*, 2024 WL

---

[1] Plaintiffs filed the earnings call transcript as Exhibit A to their opposition to Mr. Testa's Rule 12(c) motion. *See* Dkt. 87-1. It is reattached here for convenience. *See* Ex. 1, Q3 2022 Earnings Call Tr. "Where documents incorporated by reference into the complaint contradict the complaint's allegations, 'the documents control' and the Court need not accept the complaint's misstatements as true." *My Goals Sols., Inc. v. Zeus Networks, LLC*, 2025 WL 951394, at *8 (S.D.N.Y. Mar. 28, 2025).

[2] In the intervening months, Plaintiffs corrected other errors in their complaint. Most notably, in February and March 2025 Plaintiffs twice corrected the PSLRA certifications attached to the complaint. *See* Dkts. 93 (correcting Plaintiff Sills's certification), 96 (correcting Plaintiff Sills's certification a second time and also Plaintiff Dick's certification). In either of those filings, Plaintiffs could have corrected this error as well, but did not.

4241951, at \*17; *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 771 (S.D.N.Y. 2017). Plaintiffs also offer four statements made by Mr. Testa from *before* the putative class period, *see* Dkt. 86, Opp. 9, but those do not show actual control over *the alleged misstatements* as required for control person liability, *see, e.g.*, *Li*, 2024 WL 4241951, at \*16, and the Court did not rely on them. Because Plaintiffs' only allegation regarding Mr. Testa's control over the alleged misstatements was their plainly false accusation that he made a statement during an earnings call that "buil[t] upon" an allegedly false statement made by another defendant, reconsideration is appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider its July 28, 2025 Opinion and Order denying Defendant Testa's Motion for Judgment on the Pleadings, and dismiss all claims against Mr. Testa with prejudice.

Dated: August 11, 2025
      Chicago, Illinois

Respectfully submitted,

*/s/ Nilofer I. Umar*
Francesca Brody
Vincent Margiotta
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
fbrody@sidley.com
vmargiotta@sidley.com

Nilofer I. Umar (admitted *pro hac vice*)
Neil H. Conrad (admitted *pro hac vice*)
William J. Lawrence (admitted *pro hac vice*)
Claire G. Lee (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

6

Facsimile: (312) 853-7036
numar@sidley.com
nconrad@sidley.com
bill.lawrence@sidley.com
claire.lee@sidley.com

*Attorneys for Defendants*

**Certificate of Compliance with Local Rules 6.3 and 7.1(c)**

The undersigned counsel for Defendant Christopher P. Testa certifies that this brief contains 1,881 words, which complies with the requirements of Local Rules 6.3 and 7.1(c).

*/s/ Nilofer I. Umar*