SIDLEY

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 7772
NUMAR@SIDLEY.COM

August 27, 2025

**Via ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

Re: Sills v. United Natural Foods Inc., et al., No. 23 Civ. 2364 (JGLC) (VF)

Dear Judge Clarke:

On behalf of Defendants United Natural Foods Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa, we write pursuant to Rule 5(d) of Your Honor's Individual Rules and Practices in Civil Cases to request to seal portions of two documents filed by Plaintiffs Dan Sills and George Dick as exhibits to Plaintiffs' Reply in Support of Their Motion For Class Certification and Appointment of Class Representatives and Class Counsel (ECF 128, "Class Certification Reply"). Defendants seek to redact portions of two chat message threads (Exhibit K, ECF 129-11; Exhibit L, ECF 129-12), as well as the portions of Plaintiffs' Class Certification Reply that quote these materials. Exhibit K contains a discussion of the Company's legal strategy in response to an unrelated matter and its long-term strategic plan, and Exhibit L contains non-public, commercially sensitive, financial information. These materials should be sealed because the privacy interests of UNFI outweigh the presumption of public access to the redacted portions of these documents.

These exhibits are likely "judicial documents" to which a presumption of public access applies because they were submitted in support of a motion for class certification. *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016). But not all judicial documents carry the same weighted presumption: documents that are irrelevant to the proceeding lack the same presumption of access as documents that directly affect the adjudication. *Id.* at *2; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006). And even where a document may carry a presumption of access, "[s]pecific, on-the-record findings that closure is essential to protect higher values and narrowly tailored to achieve that aim" can overcome that presumption. *Tropical Sails Corp.*, 2016 WL 1451548, at *3. These "higher values" include protecting from disclosure "specific business information and strategies." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

***Exhibit K.*** Defendant UNFI's privacy interest in preserving the confidentiality of its internal discussions of a legal response strategy and long-term strategic plan to maximize

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

SIDLEY



profitability outweighs any presumption of access to Exhibit K. These "non-public strategies … constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g)" and should be sealed. *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). The first half of the discussion in Exhibit K concerns UNFI's legal response strategy for a matter unrelated to this action and "ha[s] no bearing on this Court's treatment of Plaintiff[s'] motion"—that discussion is not cited in the brief—and "[a]ccordingly, the presumption in favor of public access is low." *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020); Exhibit K, ECF 129-11.

Exhibit K also discusses UNFI's commercially sensitive long-term strategic plan to maximize profitability and investor relations communications regarding that plan. Exhibit K, ECF 129-11. If this discussion of UNFI's "sensitive business information" were made public, it "could undercut [UNFI's] competitive advantage," and "courts routinely find that business secrecy interests outweigh the presumption of public access in such a context." *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024) (collecting cases); *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (sealing "confidential business [i]nformation"). UNFI requests that this confidential material be sealed to protect the discussion of its legal strategy and the discussion of its strategic plan.

***Exhibit L.*** Defendants also seek to preserve the confidentiality of its non-public, commercially sensitive financial information in Exhibit L. "Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *Nexamp, Inc. v. Consol. Edison, Inc.*, 2025 WL 936636, at *6 (S.D.N.Y. Mar. 25, 2025) (cleaned up); *cf. Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing … revenue information … ."). Exhibit L contains unpublished financial information, and discussion of the preparations of that financial information, which would cause significant harm to UNFI if made public. Exhibit L breaks down UNFI's financial metrics, revealing UNFI's sensitive strategies and the resulting effects of those strategies, which could be reverse engineered by competitors. Although UNFI is a public company that issues financial reports, it does not disclose information at the level of granularity featured in Exhibit L, as well as the internal discussion of that information, because the disclosure of that information could hurt UNFI's competitive standing and profitability. For example, publication of UNFI's internal profit margins would weaken UNFI's negotiating position and increase operating costs. Portions of Exhibit L should be sealed. *Graczyk*, 2020 WL 1435031, at *9 (allowing for the sealing of "sensitive proprietary or financial information").

Finally, Defendants seek to preserve the confidentiality of a sensitive personnel matter unrelated to this litigation within Exhibit L. Exhibit L memorializes a chat message conversation between two UNFI employees, neither of whom are named defendants, and it includes conversations about a personnel staffing matter that also has no bearing on this litigation. The

SIDLEY



material's "irrelevance to the issues before the Court and the absence of [Plaintiffs'] intent that the Court consider [those aspects of the document] places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption." *KeyBank Nat'l Ass'n v. Element Transportation LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017). This private, irrelevant communication concerning individual employees should be kept confidential. *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal information that "has no bearing on the lawsuit [so] the public will not be prejudiced [by sealing]"); *Nexamp, Inc.*, 2025 WL 936636, at *6 (similar).

Defendants' proposed redactions are narrowly tailored to prevent the disclosure of sensitive information. Defendants therefore request the Court's permission to redact these documents and quotations from them in the Class Certification Reply, as shown in the proposed redacted versions of the Exhibits that Defendants are simultaneously filing with this letter and in Plaintiffs' publicly filed Class Certification Reply. ECF 130 at 10.

Sincerely,

*/s/ Nilofer Umar*

Nilofer Umar
Partner

Cc: Counsel of Record (via ECF)