

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 7772
NUMAR@SIDLEY.COM

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
>
> **Dated: 9/9/25**
>
> Defendants are directed to file their sur-reply by **October 6, 2025**. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 134.

September 8, 2025

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

Re:    *Sills et al. v. United Natural Foods Inc. et al.*, No. 23 Civ. 2364 (JGLC)(VF)

Dear Judge Clarke:

We represent Defendants United Natural Foods, Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa ("Defendants") in the above-referenced action. We write to request that this Court grant Defendants leave to file a 21-page sur-reply, to be filed by October 6, 2025, to respond to Plaintiffs' reply in support of their motion for class certification, Dkt. 128. As explained in detail below, the sur-reply is warranted because it will be Defendants' first opportunity to (1) address Plaintiffs' position on issues first raised in Defendants' opposition; (2) address a new, 73-page report from Plaintiffs' expert that was submitted with Plaintiffs' reply, and which offers opinions not previously contained within their expert's prior report; and (3) incorporate any testimony from a second deposition of Plaintiffs' expert, which is scheduled for September 17, 2025. Plaintiffs do not oppose this request.

"Good cause" exists, as specified by Rule 4(b) of Your Honor's Individual Rules and Practices in Civil Cases, to warrant a sur-reply. Plaintiffs' motion for class certification invoked the rebuttable presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). *See* Dkt. 98 at 12. As Defendants explained in their opposition brief, Defendants can rebut the presumption by showing a lack of price impact as recently clarified by the Supreme Court in *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 594 U.S. 113 (2021). *See* Dkt. 112 at 15-29. Plaintiffs' motion did not discuss price impact or *Goldman*. After Defendants' opposition raised these issues, Plaintiffs addressed them for the first time in their 22-page reply, making new arguments about these matters. *See* Dkt. 128.

For example, Plaintiffs identify, for the first time on reply, their view of the alleged truth for the purposes of the *Goldman* analysis and why they believe there is no mismatch between the alleged misrepresentations and the alleged corrective disclosures. *Id.* at 5-11. Plaintiffs also rely on more than two dozen cases not previously cited in either Plaintiffs' motion or Defendants' opposition. And they attach a new, 73-page report from their expert offering new opinions that were not addressed in his March 7, 2025 report (*compare* Dkt. 99-1, *with* Dkt. 129-2), and a dozen

# SIDLEY

September 8, 2025
Page 2

other new exhibits to their reply in support of arguments that they and their expert have made for the first time on reply, rather than in further support of arguments that they made in their opening submission. As permitted by Federal Rule of Civil Procedure 30(a)(1) and 30(a)(2)(A), the parties have agreed that Defendants may depose Plaintiffs' expert for a second time on these new opinions. That deposition is scheduled for September 17, 2025 and limited to three hours of questioning on price impact issues. Without a sur-reply, Defendants will not have an opportunity to address Plaintiffs' new arguments, expert opinions, exhibits, authorities, or any testimony from this forthcoming deposition.

Plaintiffs also make new arguments related to whether they have satisfied their burden to provide a methodology capable of measuring damages on a classwide basis consistent with their theory of liability under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). These include, but are not limited to, new explanation from Plaintiffs' expert on how he would measure volatility, a key input for measuring options damages. *See* Dkts. 128 at 19; 129-2 at 71-73.

These circumstances constitute "good cause," and courts routinely allow defendants to file sur-replies in opposition to class certification motions in securities cases. *See, e.g.*, *In re Concho Res. Inc., Sec. Litig.*, No. 4:21-cv-2473, Dkt. 77 (S.D. Tex. May 1, 2024); *Hall v. Johnson & Johnson*, No 3:18-cv-01833, Dkt. 101 (D.N.J. Apr. 5, 2021); *In re Fidelity Nat'l Info. Servs. Inc. Sec. Litig.*, No. 3:23-cv-00252, Dkt. 102 (M.D. Fla. July 30, 2025); *Shupe v. Rocket Cos.*, No. 21-cv-11528, Dkt. 75 (E.D. Mich. Oct. 16, 2023); *In re Qualcomm Inc. Sec. Litig.*, No. 3:17-cv-00121, Dkt. 269 (S.D. Cal. Oct. 5, 2022); *In re Banco Bradesco S.A. Sec. Litig.*, No. 16-cv-04155, Dkt. 173 (S.D.N.Y. Feb. 7, 2019). Indeed, the Fifth Circuit recently vacated a class certification ruling where the district court denied the defendants leave to file a sur-reply to address new arguments and evidence related to price impact that was contained in the plaintiffs' reply. *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). There, like here, the plaintiffs' initial expert report was focused on "market efficiency—not price impact." *Id.* And there, like here, the plaintiffs offered a new expert report to address price impact when they filed their reply brief. *Id.* The court of appeals held that in this situation the district court "abused its discretion by denying [the defendant] leave to file a sur-reply." *Id.*

Moreover, Defendants' request will promote the interests of fairness and judicial efficiency by allowing them an opportunity to fully respond to Plaintiffs' arguments and create a complete record for this Court to evaluate before reaching a decision on class certification. As the Supreme Court and the Second Circuit have both recently emphasized, district courts must undertake a rigorous analysis at class certification, including with respect to price impact issues, which requires a thorough review of the relevant evidence. In *Goldman*, the Supreme Court stressed that in a securities case like this one "a court cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact." 594 U.S. at 122 (emphasis in original) (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 284 (2014)). And the Second Circuit, on remand from the Supreme Court, further emphasized that district courts must perform

# SIDLEY

September 8, 2025
Page 3

a "searching price impact analysis," including a "searching review of the record." *Ark. Teacher Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 102, 105 (2d Cir. 2023) (reversing district court's certification ruling, finding that there was "an insufficient link between the corrective disclosures and the alleged misrepresentations," and concluding that the district court "abused its discretion in certifying the shareholder class"); *cf. In re FirstEnergy Corp. Sec. Litig.*, 2025 WL 2331754, at *23 (6th Cir. Aug. 13, 2025) (reversing class certification and remanding for a more searching consideration, concluding that the district court failed to conduct a "rigorous analysis" and noting that defendants had requested a "hearing with live expert testimony"). Defendants, who bear the burden of persuasion to prove a lack of price impact, respectfully submit that a sur-reply is necessary to create a complete record that facilitates such a "searching review."

We thank the Court for its attention to this request and are available should Your Honor have any questions.

Respectfully, submitted,

*/s/ Nilofer Umar*

Nilofer Umar

cc: All counsel of record (via ECF)