**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAN SILLS *and* GEORGE DICK, *individually and on behalf of all others similarly situated,*

                          Plaintiffs,

    vs.

UNITED NATURAL FOODS, INC., J. ALEXANDER MILLER DOUGLAS, JOHN W. HOWARD, *and* CHRISTOPHER P. TESTA,

                        Defendants.

No. 1:23-CV-02364-JGLC

**DEFENDANT CHRISTOPHER P. TESTA'S REPLY IN SUPPORT OF HIS**
**MOTION FOR RECONSIDERATION OF**
**<u>JULY 28, 2025 OPINION AND ORDER (DKT. 118)</u>**

**[REDACTED]**

**INTRODUCTION**

Plaintiffs concede the critical error giving rise to Defendant Testa's Motion for Reconsideration. Dkt. 136, Opp. 1. It is undisputed that the earnings call statement on which this Court relied to conclude that "it is plausible that Testa was condoning the misleading omission of material information about forward buying," Dkt. 118, 7/28/25 Opinion & Order 6, was made by someone else, not Testa. There is thus no basis to conclude that Testa "condon[ed]" any alleged omission, and thus no basis to infer that Testa exercised control over any alleged misstatements.

Plaintiffs' argument that this error was not "outcome determinative" is belied by the Court's opinion. Plaintiffs also attempt to introduce new "evidence" to backfill their deficient allegations. This is doubly improper: a reconsideration motion is limited to matters put before the Court on the underlying motion, and a Rule 12(c) motion is limited to the complaint's allegations. More fundamentally, Plaintiffs' new exhibits only underscore the weakness of their position. None show Testa exercised control over any of the alleged misstatements. That this is the best "evidence" Plaintiffs could muster after Defendants have substantially completed document discovery lays bare that Plaintiffs have no Section 20(a) claim against Testa. Reconsideration should be granted, and Testa should be dismissed from the case.

**ARGUMENT**

**I.    The Error Was "Outcome Determinative."**

Plaintiffs argue that the error was not "outcome determinative," because their other allegations sufficiently plead control with respect to Testa. Dkt. 136, Opp. 4-7. But the Court already explained why Plaintiffs' other allegations—his position as UNFI President, participation on earnings calls, and purported "access" to the company's SEC filings and press releases—are insufficient. *See* Dkt. 118, 7/28/25 Opinion & Order 5-7.

1

As the Court recognized, control person liability requires "actual control over the *transaction* in question"—here, the alleged misstatements that survived the motion to dismiss. *Id.* at 4 (citation omitted). For this reason, the Court recognized that "[i]t would be inadequate for Plaintiffs to refer solely to Testa's status as Company President to imply control." *Id.* at 5. The Court also recognized that "broad allegations of Testa's authority over and knowledge of the misleading statements might not always be enough to show actual control." *Id.* at 6. Only when Plaintiffs' boilerplate allegations were "combined" with the misattributed "allegations regarding Testa's participation in th[e] single [earnings] call" that "condon[ed]" a challenged statement, did the Court find it "plausible that Testa did exercise control over the misleading statements." *Id.* at 6-7 (citing the misattributed SAC ¶¶ 167-68). Now, without the wrongly attributed statement in the mix, Plaintiffs allege *no facts* showing Testa's control over *any* of the alleged misstatements. Dkt. 121, Mem. 5-6. That is fatal.

Plaintiffs' authority does not suggest otherwise. In *Cornwell v. Credit Suisse Group*, the individual defendants—unlike Testa—*made* the challenged statements. 689 F. Supp. 2d 629, 636 (S.D.N.Y. 2010); Case No. 08-cv-3758, Second Amended Complaint, Dkt. 36-2 ¶¶ 256, 260, 264, 270, 273, 276, 279. In *In re Virtus Investment Partners, Inc. Securities Litigation*, plaintiff alleged not merely that the individual was a company "spokesperson," but that he had a direct supervisory role over the subject matter of the actionable statements. 195 F. Supp. 3d 528, 543 (S.D.N.Y. 2016) (individual "co-signed the sub-advisory agreements" and "tracked" "due diligence" for entity running fraudulently-marketed funds); *see also* Dkt. 90, Reply 3. And in *In re Parmalat Securities Litigation*, the relevant defendants were entities, not individuals, and plaintiffs alleged those entities controlled their subsidiaries and employees who had engaged in

2

the alleged fraud. 414 F. Supp. 2d 428, 440 (S.D.N.Y. 2006). Nothing comparable is alleged about Testa.[1]

**II.    Plaintiffs' New Exhibits Should Be Disregarded and Do Not Demonstrate Control In Any Event.**

Because Plaintiffs' complaint is deficient in alleging specific facts about Testa, Plaintiffs are forced to introduce new material in a belated effort to demonstrate control. That effort fails procedurally and substantively.

Procedurally, Plaintiffs' new exhibits should be disregarded. Reconsideration is limited to "controlling law or factual matters put before the court on the underlying [motion]." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379 (S.D.N.Y. 2008); *see also* Local Civil Rule 6.3 (reconsideration limited to "matters or controlling decisions which the moving party believes the court has overlooked"). Accordingly, "[a] motion for reconsideration is not the proper avenue for the submission of new material," *Williams v. Rosenblatt Sec. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016), and the Court should disregard it. *See, e.g.*, *Katona v. Fed. Express Corp.*, 1999 WL 13735, at *3 (S.D.N.Y. Jan. 12, 1999) (declining to consider new material submitted in opposition to reconsideration motion because "Rule 6.3 precludes a party from introducing new evidence" and granting reconsideration).

Moreover, the underlying motion is for judgment on the pleadings under Rule 12(c), and such motions are limited to the allegations in the complaint, documents incorporated by reference in or integral to the complaint, and matters subject to judicial notice. *E.g.*, *Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC*, 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013).

---

[1] Plaintiffs' other cases do not support them. *See In re CIT Group Inc. Sec. Litig.*, 2010 WL 2365846, at *5 (S.D.N.Y. June 10, 2010) (defendants did not dispute control); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 514 n.9, 517 (S.D.N.Y. 2009) (conclusory allegations of control sufficed, but dismissing Section 20(a) claim against director for failure to plead culpable participation, noting only "scant references" to defendant in complaint).

3

None of these exceptions applies to the discovery documents; Plaintiffs do not contend otherwise. *See* Dkt. 136, Opp. 7-8. These materials should be disregarded for this reason, too. *E.g.*, *Lively v. WAFRA Inv. Ad. Grp., Inc.*, 6 F. 4th 293, 304-06 (2d Cir. 2021) (district court erred when considering improper extrinsic materials on Rule 12(c) motion).

Importantly, in addition to the procedural impropriety of attaching these new documents, Plaintiffs' exhibits also fail to show that Testa had control over any of the alleged misstatements.

Plaintiffs first claim that Testa made a statement on a December 2021 earnings call that "condon[ed]" other statements about forward buying that were misleading. Dkt. 136, Opp. 6. The new statement Plaintiffs cite is Testa's comment that "[d]ue to the cost plus nature of the majority of our pricing agreements, inflation is typically a positive driver of top-line revenue and margin gains." *Id.* (quoting Dkt. 137-1 at 4). While Plaintiffs assert this statement is "similar to other statements that the Court found actionable," they have never alleged this statement was false or misleading. *See* Dkt. 39, Second Amended Complaint ¶¶ 71, 143-52. Indeed, unlike the misattributed statement, this new statement neither "buil[t] on" any actionable alleged misstatement, *compare* Dkt. 39, SAC ¶ 167 ("build[ing] on" a challenged statement), *with* Dkt. 137-1 at 4, nor does it even relate to forward buying: instead, Testa merely made the obvious observation that margin *dollars* increase as sales prices increase (i.e., a 5% margin on a $12 product is more dollars than a 5% margin on a $10 product).

Plaintiffs next discuss a March 23, 2022 email thread. Dkt. 136, Opp. 7. Plaintiffs contend this thread demonstrates that "Testa understood UNFI's forward buying practices and its impact on the Company's margin," making it "plausible to infer that Testa knew that Douglas omitted forward buying in his statements" about the drivers of margin. *Id.* at 7-8. But the email does not support this inference. UNFI's Senior Vice President of Finance, Bob Houghton,

4

discussed ████████████████████████████████████████████ but noted that ████████████████████████████████████ UNFI's ████ ████████████████████████████████████████████████ and his team still needed ██████████████████████ Dkt. 137-2. This email does not show that "forward buying was a significant and aberrational driver of [UNFI's] profit margins"—the truth Defendant Douglas's statement allegedly concealed. *See* Dkt. 66, 9/13/24 Opinion & Order 16. In fact, it shows the *opposite*: ████████████████████████████████



██████████████████████████████████████████████████████████

██████████████████████Dkt. 137-2.

Finally, Plaintiffs cite Testa's revisions to a December 2021 fireside chat script as evidence of "specific control over public statements concerning the topic … at-issue." Dkt. 136, Opp. 8. But a fireside chat is different from an earnings call, and Plaintiffs do not allege the chat was false or misleading. Moreover, Testa's revisions do not relate to forward buying. Testa revised a bullet point about whether trade spend and promotions would "return to pre-COVID levels," adding that "[f]rom CPG perspective, inflation typically coincides with promotions to help maintain volume and offset some of the impact of higher prices." *See* Dkt. 137-3 at 3. The revision references promotions by suppliers to retailers "to … lower the retail price of their products." *Id.* at 4. It has nothing to do with UNFI buying inventory ahead of price increases, much less the financial impact of doing so.[2]

Finally, Plaintiffs argue that "[e]ven if the foregoing facts, taken alone, 'would not be enough to establish actual control … dismissal is improper as long as it is at least plausible that

---

[2] In *In re Henry Schein, Inc. Securities Litigation*, 2019 WL 8638851 (E.D.N.Y. Sept. 27, 2019), unlike here, plaintiff alleged the defendant directly engaged in the anticompetitive scheme that was allegedly concealed in the company's public statements. *Id.* at *2-3, *6-7, *23, *29.

Plaintiffs can develop some set of facts that would pass muster.'" Dkt. 136, Opp. 8 (quoting *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 2990646, at *8 (S.D.N.Y. Nov. 7, 2005)). This misstates the legal standard. The "some set of facts" standard applied in *Global Crossing* was rejected in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Global Crossing*, 2005 WL 2990646, at *8 (applying *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 111 (2d Cir. 2005), reversed by the Supreme Court). After *Twombly*, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face" *before* they are allowed to proceed to discovery. 550 U.S. at 570. Tellingly, here, even after mustering their strongest "evidence" from document discovery, Plaintiffs still produce no evidence showing Testa had control over any alleged misstatement. Plaintiffs should not be allowed to continue fishing for "some facts."

## CONCLUSION

This Court should grant reconsideration and dismiss all claims against Testa with prejudice.

Dated: September 22, 2025
      Chicago, Illinois

Respectfully submitted,

*/s/ Nilofer I. Umar*

Francesca Brody
Vincent Margiotta
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
fbrody@sidley.com
vmargiotta@sidley.com

Nilofer I. Umar (admitted *pro hac vice*)
Neil H. Conrad (admitted *pro hac vice*)
William J. Lawrence (admitted *pro hac vice*)
Claire G. Lee (admitted *pro hac vice*)
SIDLEY AUSTIN LLP

6

One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
numar@sidley.com
nconrad@sidley.com
bill.lawrence@sidley.com
claire.lee@sidley.com

*Attorneys for Defendants*

8

**Certificate of Compliance with Local Rules 6.3 and 7.1(c)**

The undersigned counsel for Defendant Christopher P. Testa certifies that this brief

contains 1,750 words, which complies with the requirements of Local Rules 6.3 and 7.1(c).

*/s/ Nilofer I. Umar*