**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAN SILLS and GEORGE DICK, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br>      v.<br><br>UNITED NATURAL FOODS, INC., J. ALEXANDER MILLER DOUGLAS, JOHN W. HOWARD, and CHRISTOPHER P. TESTA,<br><br>              Defendants. | Case No. 1:23-cv-02364-JGLC-VF |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit as supplemental authority the Opinion and Order granting class certification in *Hastanthra v. CleanSpark, Inc., et al.*, Case No. 21-cv-511 (LAP) (S.D.N.Y. Sept. 24, 2025), attached hereto as Exhibit A ("*CleanSpark* Order"). The *CleanSpark* Order supports Plaintiffs' arguments in their Motion for Class Certification (ECF 98) at Sections III.B.3. (Lead Plaintiff satisfies the typicality requirement), III.C.1. (predominance is satisfied) as well as their reply in further support of their Motion for Class Certification (ECF 130, "Reply") at Sections III (appropriate length of the class period), IV (application of *Affiliated Ute* presumption of reliance) & IV (related to Lead Plaintiff's purchases after the March 8, 2023 disclosure).

The court in *CleanSpark* found that Rule 23(b)(3) predominance was satisfied under both the *Basic* presumption of reliance for misstatements and the *Affiliated Ute* presumption of reliance for omissions. *CleanSpark* Order at 19-21. While the defendants argued that discovery disproved the plaintiff's allegations regarding omissions such that the *Affiliated Ute* presumption should not apply, the court rejected the argument, declining to engage in the merits inquiry required to

1

evaluate the argument because "that is inappropriate for the class certification stage." *CleanSpark* Order at 19-20 (also holding that "[e]ven assuming that Defendants' characterization of the discovery were accurate and discovery has disproven Plaintiff's allegations regarding omissions, the question of whether Plaintiff's claims primarily concern omissions does not present a risk that individual questions will predominate.").

In addition, the court held that the defendants did not carry their burden of proving the absence of price impact (as required to rebut the *Basic* presumption) where the plaintiffs' expert concluded that "it is more likely than not that the alleged misrepresentations had price impact." *CleanSpark* Order at 22-23 (finding price impact present even where the price movements on both the misrepresentation dates and the corrective disclosure dates were statistically significant at lower than a 95% confidence level). Plaintiffs' expert here made an even stronger showing. *See* ECF 131-2 at ¶32 (with reference to first two alleged partial corrective disclosures on December 7, 2022, and March 8, 2023, "the price impact of the alleged misrepresentations and omissions on these days is undisputed"), ¶57 ("the statistically significant price declines on [June 7, 2023 and September 26, 2023] comprised price impacts of the alleged misrepresentations and omissions"). Indeed, Plaintiffs' expert submitted evidence of statistically significant price movements at the 99% confidence level on first alleged misstatement on first day of class period, as well as on each of the four alleged corrective disclosures. *See* ECF 99-1 at Ex. 9, ECF 131-2 at ¶129.

Similarly, the *CleanSpark* Order demonstrates that Defendants' efforts to shorten the class period here raise merits-based factual questions that are inappropriate for resolution at the class certification stage. The court in *CleanSpark* rejected defendants' efforts to shorten the class period because the allegations showed "a significant aspect of the alleged fraud" was not revealed until later corrective disclosures. *CleanSpark* Order at 20-21. So too, here. Reply at Sec. III.B-C.

Finally, similar to the Lead Plaintiff here, the court in *CleanSpark* found plaintiff's post-disclosure purchases did not render him an atypical representative of the class because there was "no suggestion that plaintiff Hastanthra has any insider information" and "the overwhelming majority of his purchases were made . . . before any alleged fraud was revealed." *CleanSpark* Order at 14-15; *see also* Reply at 20-21.

Accordingly, *CleanSpark* supports that Plaintiffs' Motion for Class Certification should be granted in its entirety.

Dated: October 2, 2025

Respectfully submitted,

By: */s/ Kara M. Wolke*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (admitted *pro hac vice*)
Kara M. Wolke (admitted *pro hac vice*)
Casey E. Sadler (admitted *pro hac vice*)
Melissa C. Wright (admitted *pro hac vice*)
Pavithra Rajesh (admitted *pro hac vice*)
Amir A. Soleimanpour (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
kwolke@glancylaw.com
csadler@glancylaw.com
mwright@glancylaw.com
prajesh@glancylaw.com
asoleimanpour@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone:(212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

*Counsel for Plaintiffs and Proposed Class Counsel for the Proposed Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

**LAW OFFICES OF FRANK CRUZ**
Frank Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## PROOF OF SERVICE

I hereby certify that on this 2nd day of October, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Kara M. Wolke
Kara M. Wolke