

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

+1 312 853 7772
NUMAR@SIDLEY.COM

October 10, 2025

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re:    *Sills et al. v. United Natural Foods Inc. et al.*, No. 23 Civ. 2364 (JGLC)(VF)

Dear Judge Clarke:

We represent Defendants United Natural Foods, Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa ("Defendants") in the above-referenced action. We write in response to Plaintiffs' Notice of Supplemental Authority (Dkt. 145). Plaintiffs argue that a recent class certification order in *Hasthantra v. CleanSpark, Inc.*, No. 21-cv-511 (LAP) (S.D.N.Y. Sept. 24, 2025), attached as Exhibit A to their Notice, supports Plaintiffs' motion for class certification. That view is mistaken. The *CleanSpark* defendants raised different arguments than Defendants here, and the *CleanSpark* ruling does not support Plaintiffs' attempt to certify an overly broad class.

Plaintiffs first argue that *CleanSpark* supports Plaintiffs' argument that the *Affiliated Ute* presumption should apply in this case. Dkt. 145 at 1-2. Plaintiffs' argument is a non-starter. In *CleanSpark*, the defendants argued that *evidence from discovery* disproved plaintiff's pure omission-based claims. Dkt. 145-1, Ex. A at 19-20 ("Defendants argue that discovery has disproved Plaintiff's allegations regarding Defendants' omissions … ."); *see also Hasthantra v. CleanSpark, Inc.*, No. 21-cv-511 (LAP), Defs.' Opp'n to Pl.'s Mot. for Class Certification, Dkt. 92 at 21-22. Here, by contrast, Defendants' argument is that Plaintiffs have not *alleged* any pure omission claims. Rather, as Defendants explained, Plaintiffs' claims are grounded in allegedly misleading "half-truths"—a point that Plaintiffs do not dispute—and the *Affiliated Ute* presumption does not apply to "half-truths." Dkt. 112 at 27-29; Dkt. 146 at 18-19; *see also Waggoner v. Barclays PLC*, 875 F.3d 79, 96 (2d Cir. 2017) ("The *Affiliated Ute* presumption does not apply to … 'half-truths' … ."). Thus, unlike in *CleanSpark*, Defendants' argument is based on Plaintiffs' *allegations*, not an evidence-based challenge that relies on discovery. *CleanSpark* thus provides no support to Plaintiffs here.

Plaintiffs next argue that *CleanSpark* supports Plaintiffs' argument that Defendants have not successfully rebutted the *Basic* presumption of classwide reliance with respect to the portion

# SIDLEY

Page 2

of the proposed class period after March 8, 2023. Dkt. 145 at 2. This, too, is a non-starter for the same reason: the argument that the *CleanSpark* defendants made is completely different than the Defendants' price impact argument here.

In *CleanSpark*, the defendants did not argue that an earlier alleged corrective disclosure revealed the "truth" that the plaintiff alleged was concealed, and thus later corrective disclosures provided no basis to extend the class. Instead, the defendants argued that the plaintiff's expert had failed to find price declines that were statistically significant at or above the 95% confidence level on days of certain alleged misstatements and alleged corrective disclosures. *See Hasthantra v. CleanSpark, Inc.*, No. 21-cv-511 (LAP), Defs.' Opp'n to Pl.'s Mot. for Class Certification, Dkt. 92 at 22-24. Defendants' argument here is not about the lack of statistical significance. Rather, Defendants' price impact rebuttal is more fundamental: the information that Plaintiffs say was concealed was disclosed by March 8, 2023, and therefore the alleged corrective disclosures on June 7, 2023 and September 26, 2023 did not contain any new, corrective information, thus rebutting the *Basic* presumption with respect to the period after March 8, 2023.[1] *See* Dkt. 112 at 19-27; Dkt. 146 at 8-15. And, contrary to Plaintiffs' assertion, this price impact argument does not "raise merits-based factual questions that are inappropriate for resolution at the class certification stage." Dkt. 145 at 2. As the Supreme Court recently emphasized, district courts "may not use the overlap [with merits issues] to refuse to consider the evidence" and instead must "use the evidence to decide the price impact issue" at class certification. *Goldman Sachs Grp. Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 122 n.2 (2021); *see also* Dkt. 146 at 16-17. Plaintiffs' argument to the contrary runs headlong into this holding.

Plaintiffs also latch onto *CleanSpark*'s statement that "'a significant aspect of the alleged fraud' was not revealed until later corrective disclosures" in that case. Dkt. 145 at 2. But that language does not help Plaintiffs here. In *CleanSpark*, the plaintiff alleged that the defendants "misrepresented the timeline for completion of a project to expand the ATL facility's power capacity (the 'Expansion Project')." Dkt. 145-1, Ex. A at 3. The later corrective disclosures revealed *new* information undermining the truth *of that exact representation*: the Company announced that the timeline for completing this expansion project needed to be revised multiple times. *Id.* In other words, there was a match between the allegedly false or misleading statement, and the challenged corrective disclosure. In that specific context, the district court found that the later corrective disclosures revealed new information about the alleged fraud. *See id.* at 21 ("This argument ignores that a significant aspect of the alleged fraud—the timeline for completion of the Expansion Project—was not revealed until the corrective disclosures in February and August 2021."). Here, by contrast, no new, corrective information was revealed by the June and September disclosures because UNFI had already disclosed in March that the Company's profitability had

---

[1] To the extent Plaintiffs are suggesting that statistical significance alone conclusively establishes price impact (*see* Dkt. 145 at 2), they are mistaken. Where, as here, a plaintiff is relying on an alleged corrective disclosure as a proxy to infer price impact from an alleged misstatement, price impact requires a qualitative assessment of the degree of fit between the alleged misstatement and the alleged corrective disclosure to ensure they match. *See* Dkt. 146 at 15-16.

# SIDLEY

Page 3

been driven primarily by procurement gains from inflation-related forward buying, and that these significant gains were not repeatable. Dkt. 112 at 21-27; Dkt. 146 at 9-15. Thus, unlike in *CleanSpark*, the later corrective disclosures did not reveal any of the allegedly concealed information.

Finally, Plaintiffs argue that *CleanSpark* undermines Defendants' argument that Lead Plaintiff Dan Sills is atypical because he is subject to a unique reliance defense on the ground that he is an idiosyncratic investor who did not rely on the challenged statements or the integrity of the market price for UNFI securities. Dkt. 145 at 3. But in *CleanSpark*, the proposed lead plaintiff bought only nine shares of common stock and one call option after the fraud was allegedly revealed. *See* Dkt. 145-1, Ex. A at 15 (referring to purchases on February 9, February 23, and March 5, 2021) (citing plaintiff's PSLRA certification in that case, Dkt. 36-1); *Hasthantra v. CleanSpark, Inc.*, No. 21-cv-511 (LAP), PSLRA Certification, Dkt. 36-1 at 4. Here, by contrast, Sills bought at least 9,500 shares—spending nearly a quarter of a million dollars—after the March 8 disclosure (and he purchased additional shares after the end of the putative class period, too). Dkt. 112 at 32-33; Dkt. 146 at 21. In addition, Sills's post-March 8 purchases came just days after acknowledging in text messages that he understood inflationary forward buying was a major driver of UNFI's margin and that UNFI's financial performance would continue to decline as a result of this phenomenon, all of which suggests that his investment decisions were not being driven by the challenged statements or the market price of UNFI's securities. *Id.* The showing Defendants have made here is much stronger than in *CleanSpark*.

Respectfully submitted,

 /s/ *Nilofer Umar*

Nilofer Umar
Partner

cc:     All counsel of record (via ECF)

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.