

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 7772
NUMAR@SIDLEY.COM

October 20, 2025

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

> Re:    *Sills et al. v. United Natural Foods Inc. et al.*, No. 23 Civ. 2364 (JGLC)(VF) –
> Opposition to Plaintiffs' Request for Sur-Sur-Reply

Dear Judge Clarke:

We represent Defendants United Natural Foods, Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa ("Defendants") in the above-referenced action. We write to oppose Plaintiffs' request for a 15-page sur-sur-reply, Dkt. 149.

Plaintiffs' request for a 15-page sur-sur-reply is excessive and unusual. While courts routinely allow defendants to file sur-replies in opposition to class certification motions in securities cases, sur-sur-replies remain extremely uncommon. *See, e.g.*, *In re Concho Res. Inc., Sec. Litig.*, No. 4:21-cv-2473, Dkts. 77, 109 (S.D. Tex.) (defendants filed sur-reply and court held evidentiary hearing on class certification, but no sur-sur-reply); *In re Fidelity Nat'l Info. Servs. Inc. Sec. Litig.*, No. 3:23-cv-00252, Dkts. 90, 102 (M.D. Fla.) (court granted defendants' request for sur-reply and set hearing on class certification, but no sur-sur-reply); *In re Qualcomm Inc. Sec. Litig.*, No. 3:17-cv-00121, Dkts. 235, 269 (S.D. Cal.) (defendants filed sur-reply and court held hearing on class certification, but no sur-sur-reply). This makes sense. Defendants' sur-reply responded to arguments and opinions that Plaintiffs offered for the first time on reply. *See* Dkt. 134 at 1-2 (explaining Plaintiffs' new arguments and their expert's new opinions). But contrary to Plaintiffs' assertions in their letter-motion, Defendants did *not* make any new arguments in their sur-reply or expert report justifying another brief.

*First*, as to the damages methodology, Defendants' critique of Plaintiffs' "proffered method 'using observed volatility' to measure stock price volatility," Dkt. 149 at 1, is merely a response to a new explanation Plaintiffs offered for the first time on reply. Neither Plaintiffs nor their expert said how they would, or could, measure volatility when moving for class certification. Dkt. 98 at 21-22; Dkt. 99-1 ¶ 207. Defendants critiqued this failure, Dkt. 112 at 13-14, and on reply, Plaintiffs' expert provided a new explanation, Dkt. 128 at 19; Dkt. 129-2 ¶¶ 191-92. That is all that Defendants responded to in their sur-reply, Dkt. 146 at 6, and they did so then only because Plaintiffs and their expert omitted it in their opening brief and opening expert report.

# SIDLEY

October 20, 2025
Page 2

Plaintiffs' claim that their new explanation "was available to Defendants when they filed their opposition," Dkt. 149 at 1, is simply not true. At his deposition, Plaintiffs' expert testified that there are "a number of different ways" to calculate stock price volatility, including, as one way, "choosing either of the market's forecast of volatility before the disclosure or the market's forecast of volatility after the disclosure, which are observable." Dkt. 113-17 at 261:13-262:9. But Plaintiffs' expert—consistent with Plaintiffs' "kick the can down the road" approach to seeking class certification—did not opine *which* of the "number of different ways," if any, could be used to calculate volatility in *this* case. Instead, he merely mentioned observed volatility as an explanation used in "previous cases and also in … [an] article." *Id.* It was only on reply that Plaintiffs and their expert finally explained how they would calculate volatility in this case.

*Second*, Defendants' price impact arguments are not new either. Plaintiffs complain that Defendants' sur-reply highlights that Plaintiffs filed their original complaint in March 2023 based on precisely the same theory that Plaintiffs assert in their current complaint—underscoring that the allegedly concealed "truth" was fully revealed no later than March 2023. But Defendants noted this fact in their opposition as well, and explained that Lead Plaintiff Sills was aware of the allegedly concealed issues on or shortly after March 8, 2023. Dkt. 112 at 5-6, 33. Moreover, Plaintiffs obviously knew when they filed their own complaint, so they can hardly claim to have been surprised about this point.

Plaintiffs also complain that Defendants responded in their sur-reply to the argument that procurement gains should have been "quantified" prior to June and September of 2023. The reason Defendants addressed this point in their sur-reply is obvious: Plaintiffs made the argument that procurement gains should have been "quantified" earlier in the putative class period for the first time in their reply brief. Dkt. 128 at 5-11 (arguing that the March 2023 disclosure was not fully corrective because "forward buying gains" were not "quantified" until later); Dkt. 146 at 10-15. Plaintiffs do not suggest, nor can they, that Defendants could have anticipated this belated argument at the time of their opposition. Plaintiffs simply want the opportunity to have the "last word" on an argument they already made at length in their reply brief.

*Third*, Plaintiffs complain that Defendants cited 10 new cases on sur-reply, but any "new cases" were discussed in response to arguments or authority that Plaintiffs offered on reply.

Ultimately, there is a reason that sur-sur-replies are exceedingly uncommon: at some point, briefing must come to an end, and belaboring the same points ad nauseum is not consistent with the objectives of efficiency or judicial economy. None of Plaintiffs' arguments establish why this is the rare case in which "good cause" exists for a sur-sur-reply, let alone a 15-page sur-sur-reply.

Plaintiffs' own authority reinforces how far out on a limb they are with their extreme request. Plaintiffs cite only two cases as examples of courts granting sur-sur-replies. In one, the parties stipulated to a *3-page* sur-sur-reply. *In re DiDi Glob. Inc. Sec. Litig.*, No. 1:21-cv-5807, Dkt. 353 (S.D.N.Y.). In the other, the court *rejected* plaintiffs' request for a 10-page response to

# SIDLEY

October 20, 2025
Page 3

defendants' sur-reply, instead permitting a **5-page** sur-sur-reply. *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 1:17-cv-06221, Dkt. 487 (S.D.N.Y.). As Plaintiffs acknowledge in their letter motion, Defendants offered not to oppose a 10-page sur-sur-reply—far in excess of what either of the aforementioned courts allowed—to avoid the imposition on this Court of having to resolve this motion. Defendants conditioned the offer on Plaintiffs' agreement to Defendants' request for a hearing with expert testimony—which, as discussed in Defendants' letter motion filed separately herewith, *does* have ample court precedent. But Plaintiffs rejected that offer. And now that Plaintiffs have insisted on proceeding with this wasteful motion, Plaintiffs' request, which lacked any justification from the outset, should be denied in full.

We thank the Court for its attention to this request and are available should Your Honor have any questions.

Respectfully submitted,

*/s/ Nilofer Umar*

Nilofer Umar

cc: All counsel of record (via ECF)