

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 7772
NUMAR@SIDLEY.COM

October 20, 2025

**<u>VIA ECF</u>**
Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

   Re: <u>*Sills et al. v. United Natural Foods Inc. et al.*, No. 23 Civ. 2364 (JGLC)(VF) –</u>
     <u>Request for Evidentiary Hearing on Motion for Class Certification</u>

Dear Judge Clarke:

   We represent Defendants United Natural Foods, Inc., J. Alexander Miller Douglas, John W. Howard, and Christopher P. Testa ("Defendants") in the above-referenced action. We write to request an evidentiary hearing on Plaintiffs' motion for class certification, Dkt. 97. Plaintiffs oppose this request, Dkt. 149 at 2-3.

   A hearing will assist the Court in conducting the requisite "searching review" of the issues raised in the class certification briefing. *Ark. Teacher Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 105 (2d Cir. 2023); *see also Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, 594 U.S. 113, 122 (2021) ("[A] court cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact."); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (courts must "probe behind the pleadings" and conduct "a rigorous analysis"). For this reason, district courts in securities cases frequently hold evidentiary hearings on class certification motions to create a complete record. *See, e.g.*, *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251, 256 (N.D. Tex. 2015); *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 2025 WL 2554474, at *3 (S.D.N.Y. Sept. 4, 2025); *In re Concho Res. Inc.*, 2025 WL 1040379, at *12 (S.D. Tex. Apr. 7, 2025). In fact, when reversing certification in the first *Goldman* appeal, the Second Circuit observed that the district court had ruled "[w]ithout holding an evidentiary hearing," and "encourage[d] the court to hold an[] evidentiary hearing" on remand, 879 F.3d 474, 482, 486 (2018), advice the district court heeded, 2018 WL 3854757, at *1 (S.D.N.Y. Aug. 14, 2018). *Cf. In re FirstEnergy Corp. Sec. Litig.*, 149 F.4th 587, 621-22 (6th Cir. 2025) (reversing class certification and remanding for a more "searching" consideration, concluding that district court failed to conduct a "rigorous analysis" and noting that defendants had requested a "hearing with live expert testimony").

   Plaintiffs oppose Defendants' request, baldly asserting that a hearing is "unnecessary and wasteful." Dkt. 149 at 2.  But the evidence on the key questions is substantial, and both parties

# SIDLEY

October 20, 2025
Page 2

have submitted expert testimony. A one-day evidentiary hearing will allow the Court to hear from the experts in their own words and question the experts and parties about the issues and evidence. This will create a complete record for this Court to evaluate before reaching a decision on class certification.

We thank the Court for its attention to this request and are available should Your Honor have any questions.

Respectfully submitted,

*/s/ Nilofer Umar*

Nilofer Umar

cc: All counsel of record (via ECF)