

Kara Wolke
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

October 21, 2025

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

Re:    *Sills v. United Natural Foods, Inc., et al.*, No. 23 Civ. 2364 (JGLC) (VF)

Dear Judge Clarke:

We write on behalf of Dan Sills and George Dick ("Plaintiffs") in opposition to Defendants' request for a one-day evidentiary hearing (ECF No. 151) on Plaintiffs' class certification motion (ECF No. 97). An evidentiary hearing is not warranted for several reasons.

Contrary to Defendants' claim that evidentiary hearings are "routinely" held post-*Goldman*, most cases are still decided on the parties' submissions and/or oral argument. *See, e.g.*, *In re Credit Suisse Sec. Fraud Class Actions*, 2025 WL 1866293, at *8-11 (S.D.N.Y. July 7, 2025) (certifying class of American depositary shares, notes, and options without an evidentiary hearing); *In re Waste Mgmt. Sec. Litig.*, 775 F. Supp. 3d 742 (S.D.N.Y. 2025) (no evidentiary hearing, granting class certification); *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615 (E.D.N.Y. Aug. 8, 2023) (same); *Bos. Ret. Sys. v. Alexion Pharm., Inc.*, 2023 WL 2932485 (D. Conn. Apr. 13, 2023) (same); *In re Synchrony Fin. Sec. Litig.*, 2023 WL 1503032 (D. Conn. Feb. 3, 2023) (same); *Martinek v. AmTrust Fin. Servs., Inc.*, 2022 WL 326320 (S.D.N.Y. Feb. 3, 2022) (same); *In re Vale S.A. Sec. Litig.*, 2022 WL 122593 (E.D.N.Y. Jan. 11, 2022) (same), *report and recommendation adopted*, 2022 WL 969724 (E.D.N.Y. Mar. 31, 2022); *In re Allergan PLC Sec. Litig.*, 2021 WL 4077942 (S.D.N.Y. Sept. 8, 2021) (same); *In re Kirkland Lake Gold Ltd. Sec. Litig.*, 2024 WL 1342800 (S.D.N.Y. Mar. 29, 2024) (no evidentiary hearing, denying class certification); *Set Cap. LLC v. Credit Suisse Grp. AG*, 2024 WL 895084 (S.D.N.Y. Mar. 1, 2024) (no evidentiary hearing, denying class certification based on class representative conflict, without prejudice to refile).

An evidentiary hearing is likewise unnecessary here, where the parties have already submitted ample expert opinion and evidentiary support which is more than sufficient for the Court to conduct a rigorous analysis. The Parties' experts submitted ***four expert reports***, comprising a collective ***552 pages***. *See* ECF Nos. 99-1, 115-15, 131-2, 147-1. Plaintiffs deposed Defendants' expert, Defendants ***twice*** deposed Plaintiffs' expert, and ***all*** of this testimony—collectively comprising nearly ***12 hours of testimony and 584 pages of transcripts***—is available for the Court's review. *See* ECF No. 131-13 (Dr. Zurek transcript), ECF Nos. 115-17 and 147-2 (Dr. Feinstein's transcripts). The two specific topics that Defendants claim require further evidentiary testimony—Defendants' burden to demonstrate the complete absence of price impact and Plaintiffs' classwide damages methodology—are discussed at length within both experts' reports and in the available deposition testimony. Further live testimony is not warranted. *See Martinek*

Hon. Jessica G. L. Clarke
October 21, 2025
Page 2

*v. AmTrust Fin. Servs., Inc.*, No. 19-cv-08030, ECF No. 60 (S.D.N.Y. June 21, 2021) (denying request for evidentiary hearing where parties had submitted 200 pages of expert opinion and stating that a hearing would be scheduled "in due course" if "the Court determines that an evidentiary hearing will aid its resolution of the pending motion for class certification"), *Martinek*, *supra*, 2022 WL 326320 (S.D.N.Y. Feb. 3, 2022) (certifying class without evidentiary hearing); *In re eBay Seller Antitrust Litig.*, 2009 WL 2779374, at *1 (N.D. Cal. Sept. 1, 2009) (denying request for evidentiary hearing at class certification because "testimony from the same witnesses who will have submitted extensive reports and who have been deposed for numerous hours ***is not likely to produce significant information that is not already contained in the record***") (emphasis added).[1]

Moreover, Defendants' cited authorities are readily distinguishable. In *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, the court requested new class certification briefing and set an *optional* evidentiary hearing, citing "the need for submission of new expert reports, and in light of the motion to amend that was granted, and in light of the recent Second Circuit decision regarding the applicable class certification standard," apparently referring to *Ark. Teacher Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 105 (2d Cir. 2023), which was entered just 10 days earlier on August 10, 2023. *See* Case No. 18-CV-12084, ECF No. 278 (S.D.N.Y. Aug. 18, 2023). In *In re Concho Res. Inc.*, the court set oral argument for class certification, and the parties decided to "put on live testimony." *See* Case No. 21-cv-2473, ECF No. 109, Tr. at 5:17-19 (S.D. Tex. Jan. 30, 2024). And in *Erica P. John Fund, Inc. v. Halliburton Co.*, the court set an evidentiary hearing on price impact after remand from the Supreme Court, but allowed "expert reports in lieu of live testimony" if the parties agreed. *See* Case No. 3:02–CV–1152, ECF No. 568 (N.D. Tex. Aug. 27, 2014).

Defendants' request for an evidentiary hearing amounts to a tactical attempt to exact a cost on Plaintiffs, Lead Counsel, and the putative class for prosecuting this action. An unnecessary evidentiary hearing will require substantial additional out-of-pocket costs for additional expert work and counsel's preparation for direct examination and cross-examination of the parties' experts. If the Court were to grant Defendants' request, it would have the intended prejudicial effect of requiring Lead Counsel to allocate resources away from their vigorous pursuit of merits discovery. More importantly, it would waste judicial resources to prepare for and hold an evidentiary hearing simply to provide the Court with ***another*** opportunity to hear testimony on issues that already have been thoroughly addressed in the substantial expert reports and testimony already before the Court.

---

[1] *See also In re Cassava Scis., Inc. Sec. Litig.*, 2024 WL 4824243, at *4 (W.D. Tex. Nov. 15, 2024) (denying request for evidentiary hearing where "[t]he parties have submitted thousands of pages of briefing and evidence on the issue of class certification" and "the pleadings and evidence submitted show that a class should be certified"), *report and recommendation rejected as moot*, 2025 WL 1011785 (W.D. Tex. Feb. 25, 2025) (denying class certification without prejudice and directing parties to refile following the court's rulings on motions to amend pleadings and motion to exclude expert testimony); *In re Cassava Scis., Inc. Sec. Litig.*, --- F.R.D. ---, 2025 WL 2327101 (W.D. Tex. Aug. 12, 2025) (granting class certification without evidentiary hearing).

Hon. Jessica G. L. Clarke
October 21, 2025
Page 3

Ironically, Defendants rejected Plaintiffs' request to file a brief responsive to Defendants' sur-reply for class certification and—"solely in an effort not to burden the court" with motion practice for Plaintiffs' request (ECF No. 149 at 2)—offered a conditional agreement permitting a shorter brief if Plaintiffs agreed to Defendants' request for an evidentiary hearing. Needless to say, Defendants' request for a one-day evidentiary hearing of testimony that is already before the Court expends far more judicial resources than a letter-motion seeking to file an additional 15-page brief to address new arguments and cases Defendants raised for the first time in a sur-reply.

*        *        *

Plaintiffs are available at the Court's convenience for an oral argument on their motion for class certification and believe that an evidentiary hearing with live expert testimony is unnecessary. However, if the Court grants Defendants' request, Plaintiffs respectfully request that the Court indicate the specific areas about which additional expert testimony would assist the adjudication of Plaintiffs' motion for class certification. The Court's direction would substantially reduce the expense in preparing the experts for the presentation.

We thank the Court for its attention to this request and are available should Your Honor have any questions.

Respectfully submitted,

*/s/ Kara M. Wolke*

Kara Wolke

cc:    Counsel of Record (via ECF)