

Pavithra Rajesh
prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

December 17, 2025

**<u>VIA ECF</u>**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

   Re:  *Sills v. United Natural Foods Inc., et al.*, No. 23 Civ. 2364 (JGLC) (VF)

Dear Judge Clarke:

On behalf of Dan Sills and George Dick (together, "Plaintiffs"), I write to submit the December 4, 2025 Order on the motion to dismiss and the motion for class certification in *Leone v. ASP Isotopes Inc., et al.*, No. 24-cv-9253 (CM) (S.D.N.Y.) (attached hereto as Exhibit A) as recently issued authority that further supports Plaintiffs' Motion for Class Certification (ECF 97). *ASP Isotopes* supports Plaintiffs' arguments that: (i) Rule 23(b)(3) predominance is met because Plaintiffs are entitled to the *Basic* presumption of reliance and Defendants have failed to rebut the presumption by showing a complete absence of price impact; and (ii) Plaintiffs are typical and adequate to serve as class representatives.

**Rule 23(b)(3)**: Both in *ASP Isotopes* and the instant case, plaintiffs are entitled to the *Basic* presumption of reliance because expert opinion showed the company's securities traded in an efficient market. Ex. A at 72, 74-81; ECF 98 at 12-19. Here, Defendants concede market efficiency.

In *ASP Isotopes*, Judge McMahon held that *both* of defendants' arguments, (i) about "alternative causes" of the stock decline following the corrective disclosure and (ii) of a purported mismatch between the misrepresentations and corrective disclosure, failed to rebut the *Basic* presumption. Ex. A at 74, 81-84. First, in rejecting defendants' proffered "alternative causes" of the stock price decline argument, Judge McMahon recognized: "At this stage, Plaintiffs are not required to show that any observed price impact resulted solely from the alleged misrepresentations." *Id.* at 74. Thus, defendants' explanation of alternative causes "does not negate price impact or defeat the *Basic* presumption." *Id.* The court also explained that "[c]orrective disclosure principles arise from the loss-causation inquiry, which is analytically distinct from the reliance inquiry governed by *Basic.*" *Id.* at 70.

Hon. Jessica G. L. Clarke
December 17, 2025
Page 2

Similarly, here, Defendants claim that the last two alleged corrective disclosures did not reveal any new fraud-related information such that the price drops must have been caused by non-fraud-related information. ECF 112 ("Opp.") at 24-26; ECF 146 ("Sur-Reply") at 15-18. Notably, however, Defendants here do not even attempt to explain *what* that non-fraud-related information purportedly was; they simply ask the Court to prematurely hold now that the March 8, 2023 disclosure was fully corrective, such that the later two alleged disclosures could not have contained any corrective information.  Opp. at 21-24; Sur-Reply at 10.  Thus, Defendants' argument here is even *weaker* than the argument Judge McMahon rejected in *ASP Isotopes*.

Second, Judge McMahon found there was no mismatch because the corrective disclosure contained "new, detailed and specific information" that "plausibly corrected" misstatements of "specific assertions" about the company's uranium enrichment capabilities. *Id.* at 81-84 (distinguishing *Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, 594 U.S. 113 (2021)).

Similarly here, Defendants incorrectly claim there is a mismatch between the alleged misstatements and the last two corrective disclosures. Opp. at 26-27; Sur-Reply at 12-15. The last two corrective disclosures contain new, specific information about the extent of forward buying that plausibly corrects Defendants' misstatements about the prior extent of forward buying and about the impact of the decline in forward buying opportunities. ECF 128 ("Reply") at 5-11. Thus, as in *ASP Isotopes*, there is no mismatch, and Defendants' arguments should be rejected.

**Adequacy**: In *ASP Isotopes*, Judge McMahon found the plaintiff was adequate to serve as a class representative because he "participated in this litigation, communicated with counsel, expressed his willingness to serve, and understands his obligations as Class Representative." Ex. A at 57-58. His stock purchases after the class period did not undermine his reliance on the integrity of company's stock price during the class period. *Id.* at 60-61 (he "acted like a typical Class member reacting to market information"). So too, here. Both Plaintiffs have demonstrated their knowledge of the case and their active participation in fulfilling their duties as class representatives, and Mr. Sills' limited post-disclosure purchases do not render him atypical. Reply at 19-21.

Therefore, the analysis in *ASP Isotopes* further supports Plaintiffs' arguments that the Class should be certified. We appreciate the Court's consideration of this supplemental authority.

Respectfully submitted,

*/s/ Pavithra Rajesh*

Pavithra Rajesh

cc:    Counsel of record (via ECF)